*569
 
 Nash, J.
 

 This action in ejectment is to recover from the defendant a house and lot in the Town of Greenville, in the County of Pitt. The demise is laid on the first of January^ 1849. The plaintiff claims, that the defendant entered into possession of the premises in 184S as his tenant, and produced evidence tending to prove the fact to be so. In order to show, that the tenancy had expired at the date of the demise, set forth in the declaration, he offered to prove, that it was the general usage in the Town of Greenville for all leases to expire on the day next before the 1st of each January. This evidence was objected to, but was admitted by the Court. There was a verdict for the plaintiff and from the judgment thereon the defendant appealed.
 

 The only question now presented is, as to the admissibility of this testimony, under the circumstances, under whioh it was offered. We must take the case as it is sent to us. There cannot be a doubt, that parol evidence may be admitted to show a custom or usage of a place where a contract is entered into, for the purpose of annexing incidents to and explaining the meaning of terms used in it. The leading case on the subject is that of
 
 Hutton
 
 v. Warren, 1 Mason and Welbsly, 466. In that case it was decided, that the plaintiff was at liberty to show a custom, by which a tenant, cultivating the premises, according to the course of good husbandry, was entitled on quitting to receive a reasonable allowance for seed and labor bestowed on the arable land in the last year of his tenancy, &c. The custom, however, is admissible in proof, not for the purpose of establishing the contract, but to add an
 
 incident
 
 not expressly embraced in it, and in reference to which the parties are presumed to have contracted. Thus, if the lease in this case was made on the 1st ofFebruary lS49,or from the 1st of January 1849, for and during that year, the plaintiff would be permitted to show, that by the usage or custom of Greenville, all
 
 *570
 
 leases madfe-within the town and so terminating, expired on the day preceding the 1st of January. In that case the custom would transport into the contract an incident, upon which it was silent, but with respect to which
 
 the
 
 parties must be presumed to have contracted. But before the incident can be so engrafted, the contract, as made, must be proved — the incident cannot be used to establish the contract. The expiration of a lease, is as much a matter of contract as its commencement; nor can the incident be inconsistent with the terms of this contract. In the case of
 
 Wigglesworth
 
 v.
 
 Dollison,
 
 Douglas 201, it was decided, that a custom, that a tenant, whether by parol or deed, shall have the way-going crop after the expiration of his term, is good, if not repugnant to the lease, by which he holds. See 1st
 
 Smith’s
 
 leading cases 300, where the case of Dollison is also reported, and the note,. The contract of lease in this case may have been for one month, two months, or six months, and whether the custom was applicable or not, would depend upon the term agreed for.
 

 We think the testimony under the circumstances of this case was improperly admitted, and there must Le a
 
 venire dc novo.
 

 Per Curiam. Judgment reversed and
 
 venire de novo
 
 awarded.