Pearson, J.
 

 The acts to be done by the parties, under this contract, were concurrent; the plaintiff was bound to pay the money on the delivery of the corn ; his doing so, was a condition precedent to the right of action, and the question is, whether there was any thing to discharge him from its performance.
 

 'Where a party is ready and able and offers to perform, and the other party refuses to accept, this is considered, in law, as equivalent to a performance for the purposes of the action.
 

 In some cases, an offer to perform is dispensed with, and proof of readiness and ability is held sufficient to maintain the action; for example,
 
 Abrams v. Suttles,
 
 Busb. Rep. 99. Suttles had agreed to hire certain slaves to Abrams, the latter giving bond and good surety for the amount of the hire. Abrams applied for the slaves, and had with him a person who was fully responsible, and who was ready and willing to become Ms surety to a- Bond, such as was required by the contract, but Suttles refused to let him have the slaves, unless he would execute a bond which the contract did not require. This he declined to do and went off without executing a bond
 
 *52
 
 and tendering it. It was held that the action could be maintained, because readiness and ability were proven, and the offer was dispensed with by the conduct of Suttles, for it was “ a vain and idle thing” to draw up a bond, and offer it, when he was told it would not be accepted, and he should not have the slaves. So,
 
 Ripley
 
 v. McLinn, 4 Exchequer Repts. 344. Ripley had agreed, u'nder an executory contract of sale, to deliver to McLinn a cargo of tea upon its arrival at Belfast. The tea arrived, and Ripley was ready and able to deliver it under the
 
 contract of
 
 sale, but McLinn refused to receive it under that contract, and contended that he was entitled to have it delivered to him under a
 
 contract of copa/rbnershij).
 
 Thereupon, Ripley refused to deliver it, and sued for a breach of the contract. It was held, the action could be maintained by proof of his readiness and ability, although there was no offer to deliver, and in fact a refusal to do so, on the ground, that as the defendant had refused to receive it under the contract of sale, it was not only “ a vain and idle thing” to offer to deliver it, but he had a right to refuse to deliver it, as the defendant insisted upon having it under the alleged contract of copartnership. There are many cases of this class. The principle is this : If a party to- an executory contract is in a condition to demand a performance, by being ready and able at the time and place, and the other party refuses to perform his part, an offer is not necessary. Eor if the offer be conditional — that is, provided the other party will perform, it is vain and idle, as he has refused to perform; and if the offer be absolute, and be accepted, the money or property is gone for nothing. Take a familiar illustration : one agrees to give one hundred dollars for a horse to be delivered at a future day ; at the time and place he is ready with the money; the vendor refuses to deliver the horse ; a conditional offer of the money is vain and idle; an absolute offer would put the money in the hands of the vendor who still keeps the horse.
 

 In some cases, not merely the offer, but the readiness and ability are dispensed with, and the action may be maintained •without the proof of either; for example,
 
 Cort
 
 v.
 
 Ambergate
 
 
 *53
 

 Rail Road Company,
 
 6 Eng. L. and Eq. Rep. 230. Corthad agreed to deliver to the company a large quantity of joint and intermediate chairs, (i. e. pieces of iron used to lay down rails,) to be delivered at certain times and in certain quantities. After delivering a portion of them, he was notified by the company that it was unable to go on with the construction of the road, and requested to deliver no more. He accordingly made no more, but sold the materials and discharged the workmen whom he had employed for the purpose of manufacturing them, and, after the time in which the contract was to be completed, brought an action. It was held that the action could be maintained, either on the ground that the averment of readiness and ability was supported by the facts of the case, (for after the company gave the notice, and requested the plaintiff to make no more, it would have been a useless waste of materials and labor, which might possibly enhance the amount of damages,) or on the ground that the plaintiff was prevented from being ready and able, by the act of the defendant, “ for one may be prevented by a request not to do a thing, as well as by brute force.”
 

 So, if there be an engagement to marry on a certain day, and before the day one of the parties marries a third persou, the other may,
 
 after the day,
 
 maintain an action for breach of contract, although the latter had in the meantime married also ; because as the act of the other party made a performance impossible, it was not necessary to aver either an offer or readiness and ability at- the day, and it was useless to remain single for the purpose of being in a state of readiness, although it would affect the amount of damages.
 

 So, if A engages B to attend him in a tour on the Continent, in the capacity of courier, to start at a certain day, and, before the day, A notifies B that he has abandoned the trip, and requests him not to hold himself in readiness, or be at the expense of an outfit, and B, acting on this request, engages himself to another person, he may,
 
 af ter the day,
 
 maintain an action for breach of contract, without averring readiness and
 
 *54
 
 ability on his part, because he was prevented by the act of the other party.
 

 So, if one engages another to serve him as overseer for the next year, and, before the year begins, sells his plantation and slaves, and notifies the man he will not want his services, the latter may,
 
 after the expiration of the year,
 
 sue for a breach of contract, although he had engaged in other business, and could not aver readiness and ability.
 

 The principle is this : If a party to an executory contract make a performance impossible, or request the other party not to hold himself in readiness, which is acted on, and thereby he is prevented from being ready and able at the day, he may maintain an action without proof of readiness, ability, or an offer;
 
 Short
 
 v. Stone, 8 Q. B. Rep. 358 ;
 
 Hockster
 
 v.
 
 De Latour,
 
 20th Eng. L. and E. Rep. 157. These cases carry the doctrine further, and hold that when a party makes a performance impossible, or prevents a performance by an unequivocal act of abandonment and a request to the other side not to be in readiness, an action may be commenced even
 
 before the deny.
 
 It is not necessary to enter upon this question, however, as in our case the action is commenced after the day.
 

 Under which of these two classes does our case fall ? • Certainly not under the latter, for there is no impossibility in reference to the performance of the contract; nor was the plaintiff
 
 prevented
 
 either by “ brute force or by a request,” from being ready with the money when he came to demand the corn, nor was there an unequivocal abandonment of the contract on the part of the defendant, which could be tortured into a request that the plaintiff should not put himself to the trouble of providing the money; on the contrary, it is a mere declaration, at .a time when the plaintiff had no right to demand a performance, “ that he did not intend to deliver the corn, because the plaintiff had not sent for it according to the contract.” There is as much reason for insisting that this amounts to a request not to be at the trouble and expense, of sending a vessel, as not to have the money; in-fact, there
 
 *55
 
 would be more sense in it, as it might have a bearing on the question of damages; but the truth is, it was not intended, and was not understood, as amounting to a request in respect to either act. W'e are satisfied it falls under the first class. When the plaintiff sent the vessel to the bridge and demanded the corn, and the defendant refused to deliver it, the necessity of an offer of the money was dispensed with, for it was “ vain and idle” to make the offer; but there was nothing to dispense with the necessity of averring and proving that the plaintiff was then and there ready and able to pay the monejq so as to show that he would have performed his part of the contract, but for the refusal of the defendant to deliver the corn; which would he considered in law as equivalent to a performance on his part.
 

 The principle requires that the party should be in a condition to demand a performance. Suppose the plaintiff had in fact not been able to pay the money, the idea of his being .entitled to recover damages would shock all notion of justice, and yet, for the purposes of the contract, his not having the money at the bridge, was the same as if he did not have it any where. The argument hy which readiness in respect to the money is dispensed with, also dispenses with the necessity of having a vessel at the bridge, and leads to the conclusion that the plaintiff was entitled to damages, although he was unable to raise the money or procure a vessel to be sent; in other words, the defendant’s saying, before the day, that he thought the plaintiff had not sent for the corn in time, and therefore did not intend to let him have it, was a breach of the contract, for whichj according to the cases relied on, an action would lie immediately, it being
 
 idle and vain
 
 after this, either to get the money or send the vessel! The argument proves too much, shocks common sense, and is a fair instance of the
 
 reducido ad absurclum.
 

 This same point was decided in
 
 Grandy
 
 v. McCleese, 2 Jones’ Rep. 142, and
 
 Grandy
 
 v.
 
 Small,
 
 3 Jones’ Rep. 8. We are convinced, after a full examination of the cases, that these
 
 *56
 
 decisions are not only supported by the reason of the thing, but by the weight of authority.
 

 Per Curiam, Judgment affirmed.