## ANDREW J. NORRIS v. THOMAS FOWLER.

### *Evidence—Contract—Usage.*

The usage of one in conducting his own business, if known to the party dealing with him, is competent evidence of the terms of the contract between them.

(*Vaughan* v. *R. R. Co.*, 63 N. C.; 11, cited and approved )

CIVIL ACTION tried, on appeal from a justice's judgment, at Fall Term, 1880, of HARNETT. Superior Court, before *Avery, J.*

Appeal by plaintiff.

*Messrs. T. H. Sutton* and *Hinsdale & Devereux*, for plaintiff. No counsel for defendant.

RUFFIN, J.. A single exception disposes of this case. The plaintiff sues to recover forty-five dollars, the value of a bale of cotton burnt while in the defendant's cotton gin, or press, and seeks to hold the defendant liable as an insurer, and also for negligence.

As a witness on behalf of himself the plaintiff testified

that he carried his cotton to defendant's gin in November, 1879, to be ginned and packed, and that the gin was run by a steam engine, which was also the motive power for a saw mill, and that he lost 1180 pounds of his cotton worth $45.

He further testified that the defendant afterwards told him that his cotton had been ginned and had been put in the press, but was not pressed, and was burned while in that condition with the gin house.

For the purpose of fixing upon the defendant a liability as an insurer, the plaintiff tendered several witnesses to prove that the defendant, while ginning cotton for them, had declared that he held himself responsible for all cotton taken to his gin, until it left the press—the plaintiff also proposing to show that these declarations were made known to him before he took his cotton to the defendant's gin. Upon objection on the part of the defendant, the court excluded the evidence, and the plaintiff excepted.

The testimony offered consisted of the plaintiff's own declarations, and if pertinent must certainly be competent. It tended to show his general usage, or habit of trade, and thus afforded some evidence of the terms of his contract with the plaintiff. His manner of dealing with others being a fact, or circumstance, from which the extent and purport of his agreement in this instance may be made out, and consequently the evidence with regard to it was pertinent.

In the notes to *Wigglesworth* v. *Dallison*, 1 Smith's Leading Cases, 300, the principle is stated : "The usage of an individual in his own business as to the manner of performing it, and the like, if known to the party dealing with him, is competent *to show that the contract was on those terms.*"

So again in 2 Greenl. on Ev., § 251, it is said that the usage, or habit of trade or conduct of an individual which is known to the person who deals with him, may be given in evidence to prove what was the contract between them.

It was upon the strength of these authorities that this

court held in *Vaughan* v. *R. R. Co.*, 63 N. C., 11, that it was proper to receive evidence of the custom of the defendant as to weighing and marking goods delivered for shipment, as bearing upon the question, whether it had received the cotton in controversy or not; and that case goes far beyond the present, in that, there, the defendant sought to free itself of responsibility by making proof of its own custom, and was permitted to do so.

The case is clearly distinguishable from *Adams* v. *Otterback*, 15 How., 538, since there, the evidence as to the usage was offered, not as here, to establish the terms of an uncertain contract, but with a view to modify a contract already ascertained.

In our opinion therefore the testimony tendered was improperly excluded, and there must be a *venire de novo*.

Error.                                         *Venire de novo.*