R. T. SMITH AND WIFE v. OLD DOMINION BUILDING &
LOAN ASSOCIATION.

[PLAINTIFFS' APPEAL.]

*Action to Recover for Usurious Interest Paid—Usurious
Interest — Fines — Penalties — Feme Covert — Prin-
cipal and Surety—Wife's Land Mortgaged for
Husband's Debt Treated as Surety—Tender—Refusal—
Refusal of Principal's Tender of Debt Releases Surety—
Counter-claim—Pleading—Statute of Limitations—
Reformation of Judgment.*

1. A penalty or fine for non-payment of interest is usurious interest.

2. Where a wife mortgages her property to secure her husband's debt, the relation she sustains to the transaction, in reference to such property, is that of surety, and hence, as to any act of the creditor, as by extension of time, &c., her property will be released like any other surety.

3. Where a debtor said to the agent of his creditor that he had money in bank, in the same building where they met, sufficient to pay the debt, (and such statement was true,) and that he was ready and willing to pay the debt, but did not actually produce and offer the money, because the agent refused to receive it, on the ground that he had no authority to accept the sum tendered claiming it to be less than the creditor's debt; *Held*, that such offer was a tender, and the actual production of the money was rendered unnecessary by the agent's positive and unconditional refusal to accept it.

4. Where a principal debtor, after the debt is due, tenders the amount due to the creditor, who refuses to accept it, the surety is discharged, and such tender need not be kept open or paid into court. (*Parker* v. *Beasley*, 116 N. C., 1, *distinguished*); hence,

5. Where a debtor, whose debt was secured by a mortgage upon his wife's land, tendered the amount due to the agent of the creditor, who refused to accept it on the ground that he had no authority to accept the amount tendered, it being less than the creditor claimed to be due; *Held*, that the wife's land was thereby released from liability under the mortgage.

119—17

SMITH *v.* BUILDING AND LOAN ASSOCIATION.

6. In an action under Section 3836 of *The Code*, to recover double the amount of interest paid, the defendant may set up a counter-claim for the debt on which the usury was paid, since it arises "out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or is connected with the subject of the action."

7. In an action governed by Section 3836 of *The Code*, to recover twice the amount of interest paid, the plaintiff is debarred from basing his claim on payments made more than two years before suit brought: otherwise, in an action governed by Chapter 69, Acts of 1895, in which the plaintiff is not barred until two years after payment in full of the indebtedness.

8. The findings of fact by the trial judge by consent being equivalent to a special verdict, this Court will correct an error in the judgment thereon by directing it to be reformed.

CIVIL ACTION, tried before *Starbuck, J.*, at November Term, 1895, of GRANVILLE Superior Court. The purpose of the action, the facts found by his Honor, (by consent a jury trial being waived,) conclusions of law thereon and the judgment fully appear in the report of the defendant's appeal in the same case (*ante*).

The plaintiff excepted to his Honor's conclusions of law upon the facts found by him, and to his judgment thereon, as follows, to-wit:

" 1. For that he finds as a fact that plaintiff paid defendant $20 by way of fines within two years, but does not allow a double recovery therefor.

" 2. For that the conclusion of law that plaintiff is indebted to defendant in the sum of $11.05 is erroneous.

" 3. For that his Honor found that there was no tender, whereas the facts found by his Honor show the contrary."

The plaintiff also contended: (1) That the defendant is not entitled to set up by way of counter-claim the matters set forth in his answer as such. (2) That in an action to recover a penalty given by the statute no counter-claim is allowable, as such action is given by law to correct or pun-

ish the party who violates the Statutes of Usury. (3) That the cause of action upon which this suit is brought is not barred by the two years Statute of Limitation, nor will it be until two years after the payment in full of the indebtedness set out in the answer and counter-claims of the defendant.

*Messrs. Winston, Fuller & Biggs,* for plaintiffs (appellants).
*Messrs. Edwards & Royster,* for defendant.

CLARK, J.: The first and second exceptions of the plaintiff are sustained. The ruling complained of was doubtless a mere inadvertence of the court. The $20 collected as " fines " was simply usurious interest. " A penalty or fine for non-payment of money is interest." *Meroney* v. *B. & L. A.,* 116 N. C., 882 (on page 922); *Mills* v. *B. & L. A.,* 75 N. C., 292 ; *Rowland* v. *B. & L. A.,* 116 N. C., 877.

Third exception : When the wife mortgages her separate property to secure a debt of the husband, the relation she sustains to the transaction, in reference to said property, is that of surety. *Hinton* v. *Greenleaf*, 113 N. C., 6 ; *Pervis* v. *Carstaphan*, 73 N. C., 575 ; *Walker* v. *Mebane*, 90 N. C., 259 ; *Gore* v. *Townsend*, 105 N. C., 228. In *Hedrick* v. *Byerly*, at this Term, it is pointed out that in such case as to the Statute of Limitations, that being by operation of law, the mortgage would only become barred by the same lapse of time as any other, though as between her and her husband, and in reference to claims against her husband's estate, she was a surety, and hence as to any act of the creditor, as by extension of time, &c., she would be released like any other surety. Here (upon the facts found by the court by consent of parties) there was a tender by the obligor of more than the sum due. The finding that, at the time the $1,600 was

tendered, there was a balance of $1,700 due, upon all the facts found, is an erroneous conclusion of law from such facts; for by those findings the plaintiff had received $2,305 from defendant and had made payments aggregating $875, leaving a balance due on the bond, at that time, of $1,430. The tender was therefore sufficient in amount, and being made to the local secretary and treasurer of the defendant was made to the proper person. 17 Am. & Eng. Enc., 132. It is found as a fact that the plaintiff stated to said officer that he then had the money in the bank in the same building, and that this was true, and that the plaintiff was ready to pay the sum tendered ($1,600,) but said treasurer declined to receive it. The production of the money was thereby rendered unnecessary. 25 Am. & Eng. Enc., 904; *Holmes* v. *Holmes*, 12 Barb., 137; *U. S. Bank* v *Ga.*, 10 Wheat., 347; *Bradford* v. *Foster*, 87 Tenn., 11; *Koon* v. *Snodgrass*, 18 W. Va., 320; *Harding* v. *Davies*, 2 Car. & P., 77. Evidence of the waiver of a tender is competent and sufficient to support an allegation of tender. *Holmes* v. *Holmes*, 5 Selden, 525; 2 Greenleaf Ev., (14th Ed.,) Secs. 601, 603. This was not a bare offer to pay, which amounts to nothing, but it was a tender by a man ready and able to perform, who did not produce the money when it was at hand because of the creditor's positive and unconditional refusal. When the principal, after the debt is due, tenders the amount due to the creditor, who refuses to receive it, the surety is discharged. 2 Brandt Surety, par. 339, and numerous cases there cited; and such tender need not be kept open nor the money paid into court. *White* v. *Life Asso.*, 83 Ala., 419, and cases cited therein; *Mitchell* v. *Roberts*, 17 Fed. Rep., 776, citing a number of authorities. This case differs from *Parker* v. *Beasley*, 116 N. C., 1. There the point was as to the effect of a tender upon a mortgage of

the principal debtor ; and the rights of a surety, upon the refusal by the creditor of a tender by the principal debtor of the sum due, did not arise.   In such cases the surety is held discharged, because that single act is an extension of time to the principal, and it is not necessary to pay the money into court, which would stop the running of interest as to the principal.   Here the tender had no effect whatever as to the principal debtor, for the debt being usurious bore no interest ; but its refusal, according to the authorities, discharged the liability of the wife's property conveyed as security for the husband's debt.  ·When the creditor had the sum due tendered him and declined it, he could no longer look to the surety.

The plaintiff's contention that the defendant cannot to his action set up a counter-claim for the debt on which the usury was paid is unfounded.   The plaintiff's own claim is " in the nature of an action of debt," (*Code*, Sec. 3836,) and hence any cause of action " arising on contract and existing at the commencement of the action " was competent as a counter-claim.   *Code*, Sec. 244 (2). But whether the plaintiff's action was in *tort* or contract; and whether the counter-claim was for a *tort* or contract, the counter-claim is allowable, because it arises "out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or is connected with the subject of the action."   *Code*, Sec. 244 (1) ; *Branch* v. *Chappell*, at this Term.

Also unfounded is the plaintiff's contention that the plaintiff is not barred till two years after payment in full of the indebtedness on which the usury was paid.   This is true under the present Usury Act, (Ch. 69, Acts 1895,) but that statute does not apply to this case, which is governed by *The Code*, Sec. 3836.   *Roberts* v. *Ins. Co.*, 118 N. C., 429.

The judgment must be reformed in the court below by deducting from the amount of defendant's recovery $40, (being double the usurious interest paid as " fines,") and by striking out the decree for foreclosure of the wife's land.   The findings of fact by the judge by consent are equivalent to a special verdict, and upon those facts, it appearing that there had been a legal tender refused by the  creditor,  the effect of which  was to discharge the surety, the Court will direct the judgment below to be reformed.   *Alston* v. *Davis*, 118 N. C., 202.   The costs of the plaintiff's appeal will be taxed against the defendant. *Code*, Sec. 527 (2).

Judgment modified.