BLALOCK v. CLARK.

(Filed November 10, 1903.)

1. TIME—*Options—Contracts.*

An option given February 7th, provided no better offer was received that day by mail, to close "by 8 February," includes the latter day.

2. SALES—*Contracts—Tender.*

A refusal to deliver an article sold, because the price had gone up, makes it unnecessary to tender the price.

3. CONTRACTS—*Options—Tender—Question for Jury.*

Whether a delay of a week was unreasonable, claimed to be due to wet weather, after the acceptance of an option to sell cotton, to go for it and tender payment, is a question for the jury.

4. PLEADINGS—*Sales—Options—Waiver—The Code, secs. 242, 273—Amendments.*

The failure of a complaint in an action for non-delivery of cotton to allege readiness and ability to pay is a defective statement of a good cause of action, which may be cured by amendment.

5. APPEAL—*Damages—Measure of Damages.*

The question of the measure of damages does not arise on appeal from the sustaining of a demurrer to the evidence for failure to show a cause of action.

ACTION by M. B. Blalock and Company against W. D. Clark and others, heard by Judge *W. R. Allen* at July Term, 1903, of the Superior Court of STANLY County. From a judgment for the defendants the plaintiffs appealed.

*R. L. Smith,* for the plaintiffs.

*J. A. Spence, Montgomery & Crowell* and *Shepherd & Shepherd,* for the defendants.

CLARK, C. J. This is an action to recover damages for non-delivery of 200 bales of cotton. A witness, one of the plaintiffs, went to see the defendants 7th February. They had 200 bales for sale, which the witness sampled and asked an option upon them, to see if he could place them. The defendants on that day gave him this option, dated 7th February and signed by them: "We offer you 160 to 200 bales of cotton, grades as you have seen, at eight cents per pound, F. O. B., provided we do not receive better price by mail to-day. This offer closes by 8th February." Later, on that day (7th February), the plaintiffs wired the defendants: "Wire me at Mount Gilead, at once, if my offer is bettered." The next day, 8th February, the witness wired the defendants: "Have written once, wired twice, no reply; we claim cotton on your offer. Shipping instructions will follow." He testified further that on 9th or 10th February, he went to Troy, where the defendants resided, twenty miles through the country to weigh up, pay for and ship, but did not do so because of rain, cotton not under shelter and wet. As soon as it was dry and the rain and the condition of the river would permit him to get there, he says he went back, on 15th February, and told the defendants he had come "to weigh, *pay for* and ship cotton"; whereupon they told him they would not let him have it, that cotton had gone up to eight and a half cents and they could not afford to let him have it at eight cents. The

witness further says he demanded the cotton and the defendants refused; that he was able and ready to pay; that he did not tender the cash; that he did not have enough cash in hand, but had money in bank and credit in bank, and "could have paid cash that day." That he had resold part of the cotton to others at an advance, and that it was a cash transaction.

Upon this evidence it was error to non-suit the plaintiff. The option to "close by 8th February," included February 8th, till midnight. "By 8th February" means "not later than February 8th." *Cotton Mills v. Dunston,* 121 N. C., 16, and cases there cited. Besides, by the terms of this option it could operate only on 8th February, for it was given on 7th February, and the defendants reserved the right to accept a higher bid if they received it by mail on that day.

The peremptory refusal of the defendants to deliver the cotton "because the price had gone up" made it unnecessary to make any tender of the actual cash, for on this motion the witness' testimony must be taken as true, that he offered to pay and was ready and able to pay. *Smith v. B. & L. Asso.,* 119 N. C., 260, and cases there cited; *Grandy v. Small,* 50 N. C., 50. Whether there was unreasonable delay in going for the cotton is a matter for the jury, under instructions from the Court, and upon which the defendants may wish to offer evidence. The acceptance of the offer was, on 8th February, in time. The execution of the contract, the payment and delivery must be in a reasonable time.

The failure to aver in the complaint that the plaintiffs were "ready and able to pay" is a defective statement of a good cause of action, since this would have been cured by amendment if a demurrer on that ground had been filed, and indeed, it is "aided" by the answer, which relies upon a release by unreasonable delay and failure of tender. Clark's Code (3 Ed.), sec. 242, and cases cited. Such defect could be cured by amendment of pleadings to conform to the proof,

even after verdict. The Code, sec. 273. The object of The Code system is to try cases upon their merit.

The question of the measure of damages is not one which arises upon an appeal from sustaining a demurrer to the evidence for failure to show a cause of action.

