## BLALOCK v. CLARK.

(Filed December 6, 1904).

1. SALES—*Evidence—Telegraphs—Options.*

In an action for the non-delivery of cotton, an option for the sale of which plaintiff had accepted by telegram, it was competent to prove the telegram by the testimony of the operator at the sending office, who though not the operator who sent it, testified that he brought it from the file in his office.

2. SALES—*Evidence.*

In an action for the non-delivery of cotton, evidence that the plaintiff had to go on the market and buy cotton at an advance by reason of defendant's failure to comply with his contract was competent.

3. EVIDENCE—*Sales—Harmless Error—Issues.*

The error, if any, in admitting in an action for non-delivery of cotton evidence that the plaintiff had to buy cotton on the market at an advance, was harmless, when the evidence was ruled out on the same issue of damages.

4. SALES—*Evidence—Payments.*

In an action for the non-delivery of cotton it was competent for plaintiff to state that when he went to get it he was prepared to pay for it.

5. SALES—*Customs and Usages—Payments.*

Where a contract for the sale of cotton was silent as to the mode of payment, it was competent to prove a general custom among cotton dealers as to the method of payment.

6. NONSUIT—*Waiver—Trial.*

A motion for a nonsuit at the close of plaintiff's evidence is waived if not renewed at the close of all the evidence.

7. SALES—*Payment—Usages and Customs.*

Before the plaintiff in an action for the non-delivery of cotton can recover he must show that when he demanded it he was able to pay for it in the method fixed by the custom among cotton dealers.

8. SALES—*Questions for Jury.*

Where a contract for the sale of cotton is silent as to time of delivery, the buyer has a reasonable time within which to demand it, and what is a reasonable time is for the jury.

9. SALES—*Tender.*

A refusal of a seller to deliver the article sold because the price has gone up, and on account of the buyer's delay, renders it unnecessary for the buyer to tender the price, to maintain an action for non-delivery.

ACTION by U. B. Blalock & Company against W. D. Clark & Bros., heard by *Judge O. H. Allen* and a jury, at March Term, 1904, of the Superior Court of STANLY County. From a judgment for the plaintiff the defendant appealed.

*R. E. Austin, R. L. Smith* and *Adams, Jerome & Armfield*, for the plaintiff.
*Shepherd & Shepherd, R. T. Poole* and *J. A. Spence,* for the defendant.

CLARK, C. J. This case was before the Court, 133 N. C., 306, where the facts are fully stated.

The first exception, to the admission of the telegram, is without merit. It was proven by the operator at the sending office, who, though he was not the operator who sent it, testified that he brought it from the file in his office. Besides, the defendant in his testimony admits its receipt by him. The second exception, to the evidence of plaintiff that he had to go on the market to buy other cotton, at an advance, by

reason of defendant's failure to comply with his contract, was competent. Even if error, it was harmless, as no price was given and the Court subsequently ruled it out upon the issue as to damages, to which alone it was applicable. Nor was it error (third exception) for plaintiff to state that when he went to get the cotton he was prepared to pay for it. The defendant could have cross-examined him upon that point. The contract being silent as to the mode of paying for the cotton, it was competent for plaintiff to show a general commercial custom and usage among cotton dealers as to the method of paying for cotton in large lots. *Simpson v. Pegram,* 112 N. C., 541; *Brown v. Atkinson,* 91 N. C., 396; *Norris v. Fowler,* 87 N. C., 9; *Bank v. Williams,* 79 N. C., 129; *Moore v. Eason,* 33 N. C., 568. The defendant himself testified that he "never knew a large lot sold for spot cash; it is *always* sold for check or shipped with bill of lading attached to sight draft." The plaintiff testified that this was the well-established custom. To same purport is the testimoney of McAulay and Efird. Exceptions 4, 6, 8 and 12, addressed to the competency of such evidence, are without merit, as is exception 5 to the testimony of plaintiff that he had made arrangements to pay in the customary mode. Nor was it error (Exception 7) to admit testimony that defendant sold the cotton to McAulay. The defendant in his testimony stated the same fact.

The motion to nonsuit at the close of plaintiff's evidence was waived by not renewing it at the close of all the evidence (*Jones v. Warren,* 134 N. C., 392, and cases there cited); besides, the same point was presented and held adversely to defendant in the former appeal. There were several prayers for special instruction. The first eight were refused but require no discussion, for so far as applicable to this case they were disposed of by the former decision.

Prayers 9 and 10, that as to conditions precedent the act of

God would not excuse, the Court charged were correct propositions of law but properly held that they had no application to this case. The eleventh prayer was "That before the plaintiff would be entitled to recover he must satisfy the jury by a preponderance of evidence that at the time he demanded the cotton he had then and there the money ready to pay for the cotton," which the Court gave, but added "or was able, ready and willing to pay for the cotton according to the custom of the community in buying and paying for cotton in large lots of 160 bales or more, by giving valid checks for the same or by shipping with bill of lading attached to sight draft; if the jury shall find first by a preponderance of the evidence that there was a well known and established custom in that community to pay for cotton in such lots in that way, and if the jury shall further find by a preponderance of the evidence, that there was nothing said in the contract, or at the time of making it, about how the cotton should be paid for." The Court further charged, after stating what is necessary to make a contract, "If you answer the first issue 'Yes,' you will then consider the second issue. In contracts for products like cotton time is important in compliance with the contract, but the law gives the plaintiff a reasonable time to comply in a case like the one on trial; but it gives him a reasonable time only, and no more, and the jury is to be the judge, from all the circumstances, as to what is a reasonable time." So far there was no exception to the modification. ("If the contract was made and the plaintiff came within a reasonable time, and was then ready and able to pay cash, or if not ready to pay cash, and if the jury find by a preponderance of the evidence that there was a well known and established custom among persons in that section, embracing Troy, who bought and sold cotton in large lots, to pay in valid checks, or to ship with bill of lading attached to sight draft, and the plaintiff was ready to comply with this custom, and the de-

BLALOCK *v.* CLARK.

fendant did not demand the cash, but refused to deliver the cotton because the price had advanced and because of delay, then he would be entitled to damages, if the demand for the cotton was made within a reasonable time after 8 February.") That part of the above charge which is in parentheses was excepted to by the defendant. The Court further charged, "If when the plaintiff went after the cotton on 12 February it was raining, and if the jury find from a greater weight of evidence that the cotton was out in the open and had to be weighed, and that the rain was his excuse for not complying with the contract on that day, that should be considered by you in determining whether he demanded the cotton in a reasonable time on 15 February. It is hard to give a rule as to what is a reasonable time. If a man is careless or negligent in complying, or offering to comply, said offer would not be in a reasonable time. If he goes and offers to comply as soon as a prudent man would under the circumstances it is within a reasonable time," and plaintiff excepted, but we see no prejudice accruing to defendant from the two additions above excepted to.

The defendant in his testimony stated: "I refused to deliver cotton on the 15th *because cotton had gone up* and on account of plaintiff's delay." If so, there was no necessity to tender the money, and even if the custom to pay by check with bill of lading attached had not been shown it was immaterial. This was held in the former appeal, 133 N. C., 308, citing *Smith v. Loan Assn.,* 119 N. C., 257, and *Grandy v. Small,* 50 N. C., 50. As to the other ground of reasonable delay, that was a matter for the jury and upon proper instructions they found the issue in favor of plaintiff. *Blalock v. Clark,* 133 N. C., 308.

No Error.