## WILSON v. TELEPHONE CO.

(Filed October 31, 1905).

*Stock and Stockholders—Sales—Tender—Mandamus.*

1. Where the plaintiff's stock in the defendant company was advertised for sale for failure to pay a certain amount due thereon, and the plaintiff before the sale tendered the secretary of the company in cash more than said amount and told him he would tender more if that was not enough, and the secretary did not allege that any more was due, but simply declined to accept payment, *held*, this was a legal tender and the subsequent sale of the stock was void.

2. Where the plaintiff's stock has been wrongfully sold, after a legal tender, he is entitled to a mandamus for the issue to him of his certificate of stock upon payment of the amount due on the stock with interest to the date of tender and cost of advertisement.

ACTION by J. P. Wilson against the Duplin Telephone Co. for a writ of mandamus from the Superior Court of DUPLIN County, heard by *Judge W. B. Councill,* at Chambers, in Kenansville, on the 6th day of September, 1905. From a judgment for the plaintiff, the defendant appealed.

*F. R. Cooper* and *G. E. Butler* for the plaintiff.
*Stevens, Beasley & Weeks* and *Shepherd & Shepherd* for the defendant.

CLARK, C. J.  The court below finds as facts: That the plaintiff had subscribed for a $25 share of stock in the defendant company, and paid thereon $12.50; that on 16 June, 1905, the balance due with interest was $14.78, which the plaintiff did not pay when called for, whereupon on said day, by a resolution of the board of directors, the stock was advertised for sale. As soon as the plaintiff had notice of such advertisement, he tendered the secretary of the defendant company $15 in cash, and told him he would tender more

WILSON *v.* TELEPHONE CO. ˙

if that was not enough, that he had plenty of money with him to pay it, and demanded the share of stock. The secretary did not allege that any more was due, but simply declined to accept payment. Upon this, His Honor held properly that there was a legal tender (*Smith v. B. & L. Asso.,* 119 N. C., 260; *Blalock v. Clark,* 133 N. C., 308), and that the subsequent sale of the stock was void. It seems that the president of the company was present at the sale, as the court finds that he was not present "in that capacity;" the purchaser afterwards transferred the share of stock to the president, individually for full value.

It is true that the plaintiff might have bought this stock at the sale and avoided the necessity of this action, as any surplus of his bid over the amount due by him on the stock would have gone to himself, and it is true that he might have brought suit for damages, but he could elect to treat the sale as a nullity, and ask that the company be directed to issue the certificate of stock to him upon payment of the balance due by him for balance due on stock ($12.50) with interest to the date of tender and cost of advertisement to that day (but not cost of sale), as asked in his complaint, which avers his readiness to pay said sum.

There was evidence tending to show tender, and the finding of fact is conclusive. The sale thereafter was wrongful, and no title passed to the purchaser. The company having issued to him a share of stock without authority, his remedy would be against the company to recover back the purchase money and interest, but as he has since sold said unauthorized certificate to the president of the company, the rights of the latter can doubtless be adjusted between him and the company without suit.

The plaintiff is entitled to a mandamus for the issue to him of his certificate of stock upon payment of the amount above stated.

No Error.