R. S. NEAL v. CAMDEN FERRY COMPANY.

(Filed 23 September, 1914.)

1. Contracts—Interpretation—Technical Words and Expressions—Trials—Evidence—Questions for Jury.

　　Where words or expressions used in a contract have a known technical meaning with reference to the subject-matter, this meaning may be shown in evidence, by competent witnesses, and when accepted by the jury will control the interpretation of the contract.

2. Same—Bridges—Piling—Approximation.

　　In an action upon a contract to recover the price for building a bridge, according to the specifications and plans of the defendant's chief engineer, the length and number of the piles were

estimated, with the provision that they were an "approximation as nearly as may be forecasted from the plans, profiles, and inspection of the soil, but is not a definite term in this contract." *Held*, it was competent for the plaintiff, who qualified as an expert bridge builder, to testify that in all specifications for bridge building the word approximation is a technical term and has a technical meaning, and an approximate length of pile would mean that it should be within 3 to 5 per cent of the absolute or true length, and that the pilings necessary for the construction of the bridge in accordance with the contract exceeded this discrepancy in their length, upon the question of recovery for the extra material and work accordingly required in their construction.

APPEAL by plaintiff from *Ferguson, J.,* at February Term, 1914, of BEAUFORT.

Civil action to recover an alleged balance due upon a contract to build a bridge for the defendant. The court instructed the jury to find for the plaintiff in sum admitted by the defendant, towit, $284.95. The plaintiff excepted and appealed.

*Small, MacLean, Bragaw & Rodman, and Daniel & Warren for plaintiff.*

*Aydlett & Simpson and Ward & Grimes for defendant.*

BROWN, J. The plaintiff testified: "That he entered into a contract with the defendant, for which he was to be paid $10,000 for the construction of a bridge; that John W. Hays of Pittsburg was the chief engineer for the Camden Ferry Company, who made the plans and specifications submitted to contractors upon which to base bids for work, and that Hays finally received and accepted the work; that Hays had his representative, Mr. Greenleaf, directly in charge and supervision of the work, and Hays himself came occasionally and was present when the bridge was finally accepted. The specifications upon which the bid was made contained the approximate length of each pile in the bridge, and when the work was done the total length of the overrun was 28.4 per cent in excess of the specifications."

The substance of the plaintiff's claim (over and above the sum admitted to be due) is for longer piling than those called for in the defendant's engineer's specifications.

The plaintiff further testified that "A reasonable value for the excess of material used was $606.17, and a reasonable value of additional material and work aggregates a total of $1,125.60, amounting to an excess of 28.4 per cent in lineal feet over the specifications contained in the plans prepared by the engineer for the company as the basis of bids for the work."

The contract and specifications contained this clause: *"The length and number of pile estimated as follows, which is understood to be an approximation as nearly as may be forecasted from the plans, profiles, and inspection of soil, but is not a definite term in this contract."*

The plaintiff offered to prove that in bridge construction the word "approximation" has a technical meaning understood and accepted by civil engineers and contractors in the preparation of contracts and specifications.

The plaintiff qualified as an expert bridge builder and offered to testify that in all specifications for bridge building an approximate length of a pile would mean that it ought to be within 3 to 5 per cent of the absolute or true length. It is insisted that this question should have been submitted to the jury to determine whether or not 28.4 per cent excess in lineal feet over the amount called for in the plans and contract would be approximately the same as those called for in the plans and contract.

We are of opinion his Honor erred in excluding this evidence.

It is well settled that where words or expressions are used in a written contract, which have in particular trades or vocations a known technical meaning, parol evidence is competent to inform the court and jury as to the exact meaning of such expression in that particular trade or vocation, and it is for the jury to hear the evidence and give effect to such expressions as they may find their meaning to be. *Moore v. Eason,* 33 N. C., 569; *Blalock v. Clark,* 137 N. C., 142; *Ward v. Gay,* 137 N. C., 399; *Hutton v. Warren,* 1 M. and W., 466; *Sargent v. Adams,* 63 Am. Dec., 718.

While the construction of a written contract is ordinarily a matter for the court, yet where the language used is doubtful in

the sense that it requires the exposition of experts or explanations by evidence of the usage of trade or other extraneous circumstances, such testimony is admissible and should, under appropriate instructions, be submitted to the jury. *Simpson v. Pegram,* 112 N. C., 544; 1 Greenleaf Ev., 280; Page on Contracts, vol. 2, sec. 1107; McIntosh on Contracts, pp. 492-502.

When words are ambiguous and uncertain in their meaning, they should be given that meaning which all the facts and surrounding circumstances show that the parties intended them to have. *R. R. v. R. R.,* 147 N. C., 368.

We understood it to be admitted that the necessity for the extra long piling was not disputed, and there is abundant evidence to prove that they were furnished with the knowledge and consent of the defendant's engineer.

It follows, therefore, that if the jury should find by a preponderance of the evidence that the word "approximation," when used in such contracts, has the well understood meaning ascribed to it by the plaintiff, he would be entitled to recover for the extra expense and labor incident to furnishing the extra long piling.

New trial.