SCHENCK, J., dissenting.
SEAWELL, J., concurs in dissent.
Civil action to recover damages for alleged breach of alleged contract to sell and deliver the capital stock of a corporation.
On 11 April, 1941, the defendant executed and delivered to the plaintiff the following written offer:
STANLEY, N.C. 4/11/41
"If you pay me $150,000.00 cash I will deliver you at any time in 30 days from date the entire capital stock — common and preferred — of Lola Mills, Inc. if then unsold.
R. F. CRAIG."
There is evidence tending to show that on 28 April, the plaintiff went to Stanley to see the defendant and to accept his offer. Finding him out and after waiting a while for his return, the plaintiff asked his son, Hubert Craig, to tell his father that he accepted his offer and would meet him the next day in Gastonia to close the transaction. Hubert Craig communicated the plaintiff's acceptance to his father. On the following day, the defendant wrote the plaintiff he was not in position to deliver the stock because of a prior commitment.
There was evidence, however, that the defendant's commitment was to his son Hubert, made on 29 April, without consideration, after receiving notice of the plaintiff's acceptance. Even so, the defendant says, "I told him all along it had to be cash. . . . Now, McAden, don't come back here with any offers or propositions of any kind. . . . If you come back, you come with the cash and nothing but the cash."
At the close of plaintiff's evidence, judgment of nonsuit was entered as to the defendant, Hubert Craig, to which no exception was noted.
On the issue as to whether the defendant's offer had been accepted while still outstanding and according to its terms, the court first instructed the jury that if the plaintiff's notice of acceptance was communicated to the defendant by his son, Hubert, while the offer was still outstanding, "that would constitute an acceptance of the offer."
Later, the court instructed the jury as follows:
"The Court construes the proposal, Exhibit 1, to mean that the plaintiff could accept the same only by paying or tendering to the defendant $150,000 cash, which was a condition precedent necessary to be performed *Page 499 
by the plaintiff before any duty rested upon the defendant to assign the stock to him; and if you find, from the evidence, that the defendant did not, while the said offer was outstanding, pay or tender to the defendant $150,000 in cash, then the Court instructs you to answer the first issue No." Exception.
The issue of acceptance was answered in the negative, and from judgment thereon, the plaintiff appeals, assigning errors.
The defendant lives in Gaston County; the plaintiff in Mecklenburg. On 11 April, 1941, the defendant made an offer in writing to deliver to the plaintiff, at any time within thirty days, the entire capital stock of Lola Mills, Inc., "if you pay me $150,000.00 cash," subject to prior sale in the meantime. It is in evidence that within the time specified, to wit, on 28 April, and while the offer was still outstanding, the plaintiff accepted the offer, and so notified the defendant. On the day following, the defendant wrote the plaintiff that he did not feel obligated to deliver the stock because "On Thursday of last week I committed myself to another party. I am, therefore, not in position to deliver the stock to you or your customer." It turned out on the hearing, however, that the defendant had "committed" himself without consideration to his son Hubert on 29 April, after receiving the plaintiff's notice of acceptance.
The case, then, turns on whether the payment or tender of $150,000.00 in cash was essential to the acceptance of defendant's offer. The defendant did not so understand his offer. Neither did the plaintiff. Samonds v.Cloninger, 189 N.C. 610, 127 S.E. 706; Rucker v. Sanders, 182 N.C. 607,109 S.E. 857. The first time this position was taken was when the defendant filed his answer. The point seems to have been an afterthought, suggested, no doubt, by the pressure and exigencies of the case.
"Where a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot, after litigation has begun, change his ground, and put his conduct upon another and different consideration. He is not permitted thus to mend his hold. He is estopped from doing it by a settled principle of law." Railway Co. v. McCarthy,96 U.S. 258.
It was not within the contemplation of the parties that the plaintiff should first pay the money and then trust to the defendant to deliver the stock. This would leave the plaintiff unprotected. Lennon v. Habit,216 N.C. 141, 4 S.E.2d 339. The payment of the purchase price *Page 500 
and the delivery of the stock were to take place simultaneously or as concurrent acts. Such was the understanding of both parties. Cole v. FibreCo., 200 N.C. 484, 157 S.E. 857. The case is not far different fromRucker v. Sanders, supra, where, on facts in principle quite similar, it was held that a contract resulted from the notice of acceptance, duly communicated, and that the payment of the money belonged to the performance of the contract.
In Skinner v. Stone, 144 Ark. 353, 222 S.W. 360, 11 A.L.R., 808, the appellant, in response to an inquiry, wrote the appellee, "I will sell the land and timber, 120 acres, for $2,500 cash." The appellee replied by mail, "Your price . . . is rather high, but I am accepting your offer, to take $2,500 cash for this land . . . attach draft to deed and . . . I will take care of same." The Court held the acceptance to be unconditional, and the request to "attach draft to deed," etc., a mere suggestion to expedite the consummation of the agreement.
It is generally understood that where an offer to sell for cash is accepted, the payment of the money and the delivery of the property are to take place simultaneously or as concurrent acts. Northwestern Iron Co. v.Meade, 21 Wis. 474, 94 Am. Dec., 557; Hughes v. Knott, 138 N.C. 105,50 S.E. 586, 3 Ann. Cas., 903; Blalock v. Clark, 133 N.C. 306,45 S.E. 642; S. c., 137 N.C. 140, 49 S.E. 88. Indeed, in respect of the manner of executing the contract, it has been held that the general custom in the business or trade may be considered in arriving at the intention of the parties. Hughes v. Knott, supra; Annotation, 11 A.L.R., 811.
It should be remembered we are here dealing with the acceptance of an offer, and not with the exercise of an option. Johnson v. Ins. Co.,221 N.C. 441; Gaylord v. McCoy, 161 N.C. 685, 77 S.E. 959. The usual method of accepting an offer is by notice of acceptance communicated to the offerer. Hall v. Jones, 164 N.C. 199, 80 S.E. 228; Anson on Contracts, p. 22, et seq. It is true, the acceptance must be in the terms of the offer, but acceptance and performance are not to be confused.Rucker v. Sanders, supra; 12 Am. Jur., 537. The one deals with the making of the contract; the other with its execution. Blalock v. Clark, supra.
"An offer to buy or sell becomes a binding agreement when the person to whom the offer is made accepts it and communicates his acceptance." Owensv. Wright, 161 N.C. 127, 76 S.E. 735. Of course, following the consummation of a contract, the plaintiff must show that he offered to perform his part of the agreement, or that such offer was rendered unnecessary by the refusal of the defendant to comply, before an action will lie, either for its breach or for specific performance. Northwestern *Page 501 Iron Co. v. Meade, supra; Gaylord v. McCoy, supra. But here the first issue was addressed solely to the matter of acceptance or the consummation of the contract.
In arriving at the expressed intent — the real purpose of every writing — regard must be had to the nature of the offer, the circumstances of its making, and the objects in mind or the end in view.Simmons v. Groom 167 N.C. 271, 83 S.E. 471. "The words employed, if capable of more than one meaning, are to be given that meaning which it is apparent the parties intended them to have." Beach on Modern Law Contracts, sec. 702; Jones v. Casstevens, ante, 411. This necessarily works a new trial in the instant case, as it follows, from what is said above, there was error in charging the jury that payment or tender of the purchase price was essential to the acceptance of the offer. Such payment or tender is not stipulated as a condition precedent to the acceptance of the offer. It was the understanding of the parties, according to their own interpretation, that this would belong to the performance of the contract, if and when consummated. Cole v. Fibre Co., supra. It is true, consummation and performance might have gone hand in hand, but it is not so nominated in the offer that consummation shall be by tender or payment of the purchase price.
For error in the charge, as indicated, the plaintiff is entitled to another hearing. It is so ordered.
New trial.