EVERETT DAVENPORT TRADING AS DAVENPORT SUPPLY & GRAIN COMPANY v. DOUGLAS W. DAVENPORT AND WIFE, VIVIAN H. DAVENPORT

No. 752SC91

(Filed 7 May 1975)

**Contracts § 18— extension of delivery date — summary judgment**
In an action in which plaintiff alleged that defendant breached a contract for sale of corn by refusing to make further deliveries twenty-two days after the final delivery date called for in the contract, affidavit of plaintiff's truck driver that he picked up corn at defendant's farm pursuant to the contract three days after the final delivery date in the contract was insufficient to show an extension of the date for deliveries beyond the date provided in the contract, and summary judgment was properly entered for defendant.

APPEAL by plaintiff from *Walker, Judge.* Judgment entered 5 November 1974 in Superior Court, WASHINGTON County. Heard in the Court of Appeals 8 April 1975.

This is an action by plaintiff to recover damages from defendants for breach of contract.

Defendants denied the breach, moved for summary judgment, and filed supporting affidavits. Plaintiff filed responsive affidavits. The trial court entered judgment granting summary judgment for defendants and plaintiff appealed.

*Franklin B. Johnston for the plaintiff.*

*Charles W. Ogletree and Hutchins, Romanet, Hutchins & Thompson by R. Wendell Hutchins for defendants.*

CLARK, Judge.

The parties agree that the written contract, duly executed by plaintiff and defendant, Douglas W. Davenport, on 10 August 1972, provided in substance that said defendant would sell to plaintiff 20,000 bushels of corn at $1.18 per bushel, and that plaintiff would pick up the corn in his vehicles at defendants' farm from time to time on or before 20 September 1972.

Plaintiff alleges that said defendant breached the contract on 12 October 1972, twenty-two days after the final delivery date provided for in the contract, when defendant refused to make further deliveries under the contract.

Plaintiff further alleges that deliveries, a total of 6,747.12 bushels, were made from 8 September to 12 October 1972 "pursuant to . . . [the] written contract." Plaintiff submitted the affidavit of his truck driver in which he stated that he "picked up a load of corn from . . . [the] farm on September 23, 1972, pursuant to the written contract. . . . "

G.S. 1A-1, Rule 56 (e), relating to summary judgment contains the following provision:

" . . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. . . . "

The plaintiff may not rely on the bare allegations of his complaint. *Peterson v. Winn-Dixie,* 14 N.C. App. 29, 187 S.E. 2d 487 (1972).

The only relevant specific fact set forth in plaintiff's responsive affidavits is the truck driver's statement that on 23 September 1972, three days after the final delivery date under the written contract, he picked up corn at defendant's farm "pursuant to the contract". This evidence alone is not sufficient to show waiver, estoppel, novation or any other basis for effecting an extension of the date for deliveries of corn beyond the final date provided in the contract that would support plaintiff's claim that defendant breached the contract on 12 October 1972 by refusing to make further deliveries.

The burden is on the plaintiff to show that he offered to perform his part of the agreement, or that such offer was rendered unnecessary by the refusal of the defendant to comply, before an action will lie for its breach. *McAden v. Craig,* 222 N.C. 497, 24 S.E. 2d 1 (1943).

"Where the pleadings or proof disclose that no cause of action exists, a summary judgment may be granted." *Harrison Associates v. State Ports Authority,* 280 N.C. 251, 257, 185 S.E. 2d 793, 796 (1972). We find that the trial court was correct in entering summary judgment for defendants.

No error.

Judges MORRIS and VAUGHN concur.