ROCKY MOUNT SAVINGS AND TRUST COMPANY ET AL. v. ÆTNA LIFE INSURANCE COMPANY.

(Filed 24 September, 1930.)

1. **Insurance E d—Where no definite time is set within which insurer is to act on application for reinstatement, it must act within reasonable time.**

   Where no definite time is fixed by a policy of life insurance in which the insurer is to act upon the insured's application for reinstatement of the policy, upon a forfeiture of the policy for nonpayment of premiums and the insured's applying for reinstatement of the policy according to its provisions, it is the duty of the insurer to pass upon the application for reinstatement within a reasonable time, not arbitrarily, but upon reasonable grounds in the exercise of reasonable prudence and diligence.

2. **Same—Whether insurer failed to act on application for reinstatement within reasonable time is held a question for jury in this case.**

   A provision in a policy of life insurance whereby the insurer agrees to reinstate the policy after it has become forfeited for nonpayment of premiums upon certain conditions, gives a substantial right to the insured, and where the insured makes application for reinstatement to the general agent of the insurer who issues a conditional receipt for the

. amount required for reinstatement upon the back of which the insured is advised that if he fails to hear from the insurer within sixty days "notify the company at the home office": *Held*, there is no definite time fixed within which the insurer is to act upon the application for reinstatement. and where the insurer has not acted thereon sixty-two days after the application, upon the death of the insured and demand by the beneficiary for payment of the policy an issue of fact is raised for the determination of the jury as to whether the insurer failed to act thereon within a reasonable time.

3. **Insurance J b—Forfeiture of insurance contracts are not favored but forfeiture will be enforced if plainly incurred.**

· In construing a contract of life insurance the law will avoid a forfeiture for nonpayment of premiums when this can be done by reasonable construction, but a forfeiture will be enforced if plainly incurred by the terms of the policy unless there is an express or implied waiver by the insurer.

4. **Insurance K c—Failure of insurer to act on application for reinstatement within reasonable time operates as waiver of forfeiture.**

Where an application for reinstatement of a policy of insurance has been made according to the provisions of the policy, it is the duty of the insurer to act thereon within a reasonable time, and where it fails to so act it will be held to have waived the right to declare the policy forfeited, and under the facts of this case the question of whether the insurer failed to act within a reasonable time is for the determination of the jury.

CIVIL ACTION, before *Cowper, Special Judge,* at March Special Term, 1930, of NASH.

The plaintiffs are the administrators of the estate of Theodore N. Ross, deceased. The evidence tended to show that on 1 July, 1925, defendant issued to T. N. Ross, deceased, a policy of life insurance in the sum of $2,000, said policy being No. 515135. On 1 July, 1927, a premium on said policy fell due. The policy provided a grace of 31 days for the payment of premiums. Within the grace period the policyholder paid $10 upon the premium and received an extension agreement extending the time of payment of premium to 1 November, 1927. He failed to pay on 1 November, 1927, in accordance with the terms of the extension agreement. On 7 November, 1927, the policyholder received a letter from the general agent of defendant calling his attention to the fact that his policy had lapsed, and also to the further fact that the policyholder could submit his request for reinstatement. The letter contained the following clause: "If you are not prepared to pay the full amount of the premium of $26.72, we will be glad to accept a partial payment of $10 and extend the balance of the premium if you will sign enclosed extension note partially filled out. Please have revival form properly executed and return to us with extension note signed when we will ask the company to reinstate your policy and extend the balance of the premium for you."

In consequence of said letter the policyholder filed an application for reinstatement, dated 8 November, 1927. The application for reinstatement showed that the insured had suffered from an attack of gastritis since the policy had been issued, but that the attack was slight and that he was in sound health. The general agent recommended unreservedly the reinstatement of the policy. The request for extension was as follows: "Request for extension: Policy N-515135. The Ætna Life Insurance Company is hereby requested in consideration of the payment of ten dollars ($10) under above numbered policy on the life of T. N. Ross to extend the time to 60 days 19 ....., for the payment with interest of the premium on said policy which fell due ..........., 19 ........ I agree that if the premium with interest is not paid in full within said extended period, said policy shall immediately lapse and become void except for any value to which it was entitled when said premium fell due. Theo. N. Ross (insured or beneficiary)." Thereupon, the agent issued to the insured the following receipt: "Form 257-G. No. 107230. Binding receipt for payment of premium. Received of Theodore N. Ross the sum of ten dollars on account of unpaid premiums with interest for reinstatement of insurance for two thousand dollars on the life of Theodore N. Ross under Policy No. 515135 issued by the Ætna Life Insurance Company, said reinstatement to be effective from this date provided the company shall be satisfied that on this date the applicant is eligible for reinstatement of the policy as a risk of the same class as when the policy was issued under its rules for reinstatement. If the company declines to reinstate the policy as requested, the consideration received will be returned on surrender of this receipt. Dated at Raleigh, N. C., this 8th day of November, 1927. W. F. Upshaw, Agent." (See reverse side.) The reverse side reads as follows: "Notice.—If you do not hear from the company in relation to reinstatement of policy within sixty days, notify the company at its home office at Hartford, Conn. This is a temporary receipt only. If the application for reinstatement is approved, a regular receipt signed by an executive officer of the company and countersigned by the agent will be given."

The insured died on 27 December, 1927, and up to the time of his death had not heard from the company as to whether it had decided to reinstate.

Subsequently the administrator of the deceased made demand upon the company for the payment of said policy, and on 10 January, 1928, the company offered to return the money and declined to recognize liability upon said policy. Paragraph 9 of the policy provides as follows: "How policy may be reinstated: Within five years after default in any premium payment, if this policy has not been surrendered, it may be reinstated upon evidence of insurability satisfactory to the

company and by payment of arrears of premiums with interest at the rate of six per cent per annum, and by payment or reinstatement of whatever indebtedness to the company existed hereon at the date of default with interest from that date."

*Vaughan & Yarborough and Cooley & Bone for plaintiffs.*
*Murray Allen for defendant.*

BROGDEN, J. The determinative question of law is whether the forfeiture resulting from failure to pay the premium was waived by the defendant company.

The time for the payment of the premium due 1 July, 1927, was duly extended until 1 November of that year. The insured failed to pay the premium on 1 November, and, therefore, by virtue of the express terms of the contract, his policy lapsed subject, however, to the conditions of revival or reinstatement contained in paragraph 9 of said policy.

The defendant insists upon forfeiture. A long line of decisions in this Court and the uniform ruling of other courts throughout the country have established an axiom that the law abhors a forfeiture. Nevertheless, forfeitures are usually creatures of contract, and if plainly incurred, there is no sound reason why the courts should refuse to enforce them in the absence of express or implied waiver. This idea was expressed by *Chief Justice Clark* in *Hay v. Association,* 143 N. C., 256, when he wrote: "It is always sad when one who has made payments on his policy deprives his family of expected protection by failure to pay at a critical time. But insurance is a business proposition, and no company could survive if the insured could default while in good health, but retain a right to pay up when impaired health gives warning. . . . It is the insured's own fault when he does not make a payment as he contracted."

In the case at bar the plaintiffs rely upon the contention that the policy was reinstated, and that the defendant had waived the forfeiture. The methods by which the payment of premiums as contracted may be waived are discussed and applied in *Foscue v. Ins. Co.,* 196 N. C., 139, 144 S. E., 689. The principles of waiver are well settled, but the application of those principles to particular states of fact frequently engender difficulty. In this case, the policy in section 9 thereof conferred upon the policyholder the right to reinstatement upon failure to pay premium. This right is a substantial property right and by the terms of the contract must be exercised (a) within five years; (b) upon evidence of insurability satisfactory to the company and payment of arrears of premium, etc. The insured filed an application for reinstatement within five years and undertook to furnish evidence of insura-

bility. The company had the right to pass upon the question of insurability and the evidence thereof submitted by the insured. Of course, it was the duty of the company to pass upon the insurability in the exercise of ordinary care and not to decline the application of the plaintiff for reinstatement upon any arbitrary ground not founded on reason or the exercise of reasonable prudence and diligence, because the policy itself created and recognized the right of reinstatement after default in the payment of a premium. The insured on or about 8 November, executed the request for extension which is referred to in the evidence as an extension note. An examination of the instrument, however, discloses that it was not a note but a request for an extension of time for 60 days to pay the premium, and the further agreement that if the premium with interest was not paid within said extended period that the policy would immediately lapse and become void. On the same date, to wit, 8 November, 1927, the general agent of the company issued a temporary receipt containing the following notice on the reverse side thereof: "If you do not hear from the company in relation to reinstatement of policy within 60 days, notify the company at its home office at Hartford, Conn. This is a temporary receipt only. If the application for reinstatement is approved, a regular receipt signed by an executive officer of the company and countersigned by the agent will be given." The defendant retained this receipt and took no action whatever with reference to the application of the insured for reinstatement until 10 January, 1928, thus covering a period of 62 days.

The plaintiffs contend that the failure to act upon the application for a period of 62 days was an unreasonable lapse of time from which a waiver may be inferred.

Manifestly, it was the duty of the defendant to pass upon the application for reinstatement with reasonable promptness and diligence under all the circumstances as they existed at the time. If parties agree upon a period of time in which an act is to be performed, and such period of time is reasonable upon its face, then the parties must abide the terms of the agreement. If no time for the performance of an obligation is agreed upon by the parties, then the law prescribes that the act must be performed within a reasonable time. Reasonable time is generally conceived to be a mixed question of law and fact. "If, from the admitted facts, the court can draw the conclusion as to whether the time is reasonable or unreasonable by applying to them a legal principle or a rule of law, then the question is one of law. But if different inferences may be drawn, or the circumstances are numerous and complicated, and such that a definite legal rule cannot be applied to them, then the matter should be submitted to the jury. It is only when the facts are undisputed and different inferences cannot be reasonably drawn from them,

that the question ever becomes one of law." *Claus v. Lee,* 140 N. C., 552, 53 S. E., 433; *Blalock v. Clark,* 133 N. C., 306, 45 S. E., 642; *Blalock v. Clark,* 137 N. C., 140, 49 S. E., 88.

The notice, on the back or reverse side of the receipt referred to, does not undertake to fix a definite time when the company will pass upon the application. The notice in effect merely states that if the applicant or insured does not hear from the company within 60 days, he is at liberty to notify the home office. Hence no time was fixed by the company for determining the insurability of plaintiff's intestate, and his resultant right of reinstatement. Therefore, the principle of reasonable time for action by the company upon the application is applicable. The final and determinative inquiry, then, is whether the defendant acted within a reasonable time under all the facts and circumstances surrounding the parties when the application for reinstatement was filed.

If it did, the forfeiture was complete and no recovery is permissible. If it did not, the forfeiture is deemed to be waived.

Whether the defendant so acted, creates an issue of fact for a jury.

Reversed.