BERTHA JENNETTE APOSTLE v. ACACIA MUTUAL LIFE INSURANCE COMPANY.

(Filed 10 April, 1935.)

1. **Appeal and Error B b—**

An appeal will be determined in accordance with the theory of trial in the lower court. Art. IV, sec. 8.

2. **Insurance H e—Whether insurer acted on application for reinstatement of policy within reasonable time held for determination of jury.**

The policy in suit lapsed for nonpayment of premiums thirty-one days after 1 June. Upon solicitation of insurer's local agent, insured signed application for reinstatement in accordance with the terms of the policy, and gave same, together with check for past-due premiums, to the agent in Winston-Salem 24 July following, and insurer's agent forwarded same by mail from High Point to insurer's branch office in Charlotte, which received same during the afternoon of 28 July or the morning of 29 July. The branch office deposited the check, which was paid by the drawee bank 31 July, and forwarded the application to insurer's home office in Washington, D. C., where it was received 31 July. While the application was under consideration at the home office, it was notified on 2 August that insured had died 1 August from injuries received in an automobile accident. Insurer's local agent testified that he mailed the application in High Point to the branch office in Charlotte 25 July. Plaintiff, beneficiary in the policy, introduced evidence from which the jury could find that the policy was not mailed by insurer's agent in High Point until the morning of 28 July. *Held:* Whether insurer acted upon the application for reinstatement within a reasonable time was properly submitted to the jury, the lapse of three days between the agent's receipt of the application and plaintiff's evidence of date he mailed same not being a reasonable time as a matter of law, and the conflicting evidence as to the date the agent mailed same being for the determination of the jury.

APPEAL by defendant from *Parker, J.,* at November Term, 1934, of FORSYTH. Affirmed.

This action was begun in the Forsyth County court on 31 August, 1933, and was tried in said court at its September Term, 1934.

The action is to recover on a policy of insurance which was issued by the defendant on or about 1 January, 1933, and which insured the life of Charles I. Apostle in the sum of $5,000.

APOSTLE *v.* INSURANCE CO.

The insured, Charles I. Apostle, died on 1 August, 1933, from injuries resulting from an accident which occurred on 29 July, 1933. The plaintiff, his wife, is the beneficiary named in the policy. The defendant denied liability under the policy on the ground that the policy had lapsed prior to the death of the insured, because of the nonpayment of the premium which was due on 1 June, 1933.

The premiums on the policy were payable monthly, each monthly premium being due and payable, in advance, on the first day of the month. The amount of each monthly premium was $10.55.

It is provided in the policy that after the payment of one monthly premium, a grace period of one month (not less than 31 days), without interest, would be allowed for the payment of subsequent monthly premiums, as they should fall due, and that "if any premium be not paid when due, as specified, or during the grace period, the policy shall lapse and be void, except as to the provisions for surrender options printed herein."

It is further provided in the policy that "a lapsed policy may be reinstated at any time, provided the member makes application therefor, furnishes evidence of insurability satisfactory to the company, and pays the premiums due to the date of the reinstatement, with interest at the rate of six per centum per annum."

All monthly premiums which had become due on the policy prior to 1 June, 1933, were paid by the insured, and the policy was in full force and effect at that date. The insured failed to pay the premium which was due on 1 June, 1933, at that date or within the grace period allowed for its payment by the policy. For this reason the policy had lapsed at the expiration of 31 days after 1 June, 1933.

At about noon on 24 July, 1933, upon the solicitation of an agent of the defendant, the insured signed an application to the defendant for the reinstatement of the policy, and delivered the application, with his check for $21.10, the amount then due for all premiums in arrears, to the said agent at Winston-Salem, N. C. In the application the insured certified that he was then in good health, and had not been sick during the past twelve months. After he received the application and the check from the insured at Winston-Salem, defendant's agent returned to his home in High Point, N. C., where he had his office. The application and the check were forwarded by the agent from High Point to the branch office of the defendant at Charlotte, N. C., by mail. Both the application and the check were received at the branch office of the defendant at Charlotte during the afternoon of 28 July, 1933, or the morning of 29 July, 1933. The check was deposited by the cashier in defendant's branch office at Charlotte on 29 July, 1933, and was paid in Winston-Salem on 31 July, 1933, by the bank on which it was drawn.

APOSTLE *v.* INSURANCE CO.

The application for the reinstatement of the policy was forwarded by mail from Charlotte, N. C., on 29 July, 1933, and was received at the home office of the defendant, in Washington, D. C., on 31 July, 1933, when it received attention by the various departments in defendant's home office. While it was under consideration by the underwriting department on 2 August, 1933, the defendant was informed that the insured had died on 1 August, 1933, and that his death had resulted from injuries which he had suffered on 29 July, 1933, in an automobile accident. The defendant gave no further consideration to the application, and immediately tendered to the plaintiff the amount of the check which the insured had delivered to its agent in payment of the premiums due on the policy. The plaintiff refused to accept said amount.

The only issue submitted to the jury at the trial was answered as follows:

"Did the defendant fail to act within a reasonable time, under all the facts and circumstances surrounding the parties, with respect to the application for reinstatement? Answer: 'Yes.' "

From judgment that the plaintiff recover of the defendant the amount due under the policy, to wit: $4,949, with interest and costs, the defendant appealed to the Superior Court of Forsyth County, assigning as error the refusal of the trial court to allow defendant's motion, at the close of all the evidence, for judgment as of nonsuit, and the instruction of said court to the jury that if the plaintiff had satisfied the jury by the greater weight of the evidence that the defendant had failed to act upon the application for the reinstatement of the policy within a reasonable time, under all the facts and circumstances surrounding the parties, the jury should answer the issue "Yes."

At the hearing of defendant's appeal to the Superior Court, the judge overruled defendant's assignments of error, and affirmed the judgment of the Forsyth County court. The defendant appealed to the Supreme Court, assigning as error the rulings of the judge of the Superior Court on its assignments of error, and the judgment.

*Ingle & Rucker for plaintiff.*
*Manly, Hendren & Womble for defendant.*

CONNOR, J. This action was tried in the Forsyth County court upon the theory that, notwithstanding the policy had lapsed and become void, according to its terms, because of the nonpayment of the monthly premium due on 1 June, 1933, the policy was in full force and effect at the death of the insured on 1 August, 1933, if the defendant had failed to act upon the application of the insured for its reinstatement within a reasonable time after the application was delivered to defendant's agent

4—208

by the insured at Winston-Salem, N. C., on 24 July, 1933. The record of the trial shows that it was conceded by the parties that if the defendant had failed to so act upon the application, the plaintiff was entitled to recover on the policy; and that otherwise she was not entitled to recover. Therefore, the only question presented by this appeal is whether there was evidence at the trial from which the jury could find, as contended by the plaintiff, that the defendant failed to act upon the application of the insured for the reinstatement of the policy within a reasonable time after its delivery to its agent at Winston-Salem, N. C., on 24 July, 1933. No other question is presented by this appeal, for it is well settled, as said in *Hargett v. Lee,* 206 N. C., 536, 174 S. E., 498, that an appeal *ex necessitate* follows the theory of the trial. See *Shipp v. Stage Lines,* 192 N. C., 475, 135 S. E., 339. This principle is enforced by this Court, because of the constitutional limitation of its jurisdiction as an appellate Court. Const. of N. C., Art. IV, sec. 8.

It may be conceded that after the application for the reinstatement of the policy was received by the defendant at its home office in Washington, D. C., on 31 July, 1933, the defendant did not fail to act upon it within a reasonable time. The evidence, however, shows that nearly four days elapsed from the time the application was delivered to defendant's agent at Winston-Salem, on 24 July, 1933, to the time it was received at defendant's branch office in Charlotte, during the afternoon of 28 July, 1933. While there was evidence tending to show that this delay was not due to the default of the agent, the credibility of this evidence was for the jury. Whether upon all the facts and circumstances, as shown by the evidence, there was an unreasonable delay on the part of the agent was a question for the jury.

In *Trust Co. v. Ins. Co.,* 199 N. C., 465, 154 S. E., 743, it is said: "Reasonable time is generally conceived to be a mixed question of law and fact. 'If, from the admitted facts, the Court can draw the conclusion as to whether the time is reasonable or unreasonable, by applying to them a legal principle or a rule of law, then the question is one of law. But if different inferences may be drawn, or circumstances are numerous and complicated, and such that a definite legal rule cannot be applied to them, then the matter should be submitted to the jury. It is only when the facts are undisputed and different inferences cannot be reasonably drawn from them, that the question ever becomes one of law.' *Claus v. Lee,* 140 N. C., 552, 53 S. E., 433; *Blalock v. Clark,* 133 N. C., 306, 45 S. E., 642; *Blalock v. Clark,* 137 N. C., 140, 49 S. E., 88."

In the instant case it cannot be held as a matter of law that the time which elapsed from the delivery by the insured to defendant's agent of his application for the reinstatement of his policy to the receipt of the application at defendant's branch office in Charlotte was a reasonable

time. Whether or not the agent mailed the application at High Point on 25 July, 1933, as he testified, was for the jury to determine. There was evidence from which the jury could find that the application was not mailed at High Point until the morning of 28 July, 1933, and that for at least three days the agent, without any valid reason, kept the application in his possession at High Point, thus unreasonably delaying its consideration by the defendant at its home office in Washington, D. C.

We find no error in the judgment of the Superior Court. It is

Affirmed.