## UNITED STATES v. NORTON.

### No. 7615.

Circuit Court of Appeals, Fifth Circuit.

May 22, 1935.

Armistead L. Boothe, Atty., Dept. of Justice, of Washington, D. C., John W. Holland, U. S. Atty., and George B. Davis, Atty., War Risk Litigation, both of Jacksonville, Fla., and W. Sanders Gramling, Asst. U. S. Atty., of Miami, Fla., for the United States.

S. S. McCahill, of Miami, Fla., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment awarding appellee recovery, as beneficiary, on a policy of war risk insurance. Error is assigned to the refusal of the District Court to direct a verdict for the United States and to his action in directing a verdict for appellee ex proprio motu.

The material facts, which are not in dispute, are these: Daniel James Norton obtained a policy of war risk insurance in the sum of $10,000, while in the Army. The premiums were duly paid thereon and on August 23, 1927, he changed it into a five-year convertible term policy of government life insurance for the same amount, the effective date of which was July 1, 1927. The premium on the converted policy was $7.50 per month for sixty months and thereafter $19.40 per month, due on the first day of each month. The policy provided that it should cease and become void if any premium were not paid when due, except that a grace period of thirty-one days was granted for the payment of any premium, without interest, during which the policy was kept in force. It also provided that if the policy lapsed for nonpayment of a premium, it might be reinstated at any time thereafter, upon evidence of the insurability of the insured, satisfactory to the director of the United States Veterans' Bureau, and upon payment of all premiums in arrears, with interest from the several due dates, at the rate of 5 per cent. per annum. Other provisions of the policy are not material to this case. The insured died on June 10, 1932. The premiums due on April 1 and May 1, 1932, were not paid when due. The premium due on June 1, 1932, was not paid

at all. As to the payment of the April and May premiums, appellee testified that on May 20th she bought a cashier's check from the First National Bank of Miami, payable to the order of the Treasurer of the United States, for $7.50 and on June 9th bought another such check for the same amount. On June 9th she mailed both checks in one envelope, together with an application for reinstatement of the policy, to the Veterans' Bureau at Jacksonville, Fla. An envelope was produced by the defendant with a memorandum stamped on its back identifying it with the payment of premiums on the policy. This envelope bore the Miami postmark of date June 11, 1932. Appellee testified that she mailed but one letter to the Veterans' Bureau in June and that the envelope produced looked like the one she had mailed. By letter dated June 20, 1932, signed by M. Bryson, manager, Veterans' Bureau, Jacksonville, Fla., addressed to Daniel J. Norton, receipt was acknowledged of the application for reinstatement with remittance in the amount of $15 and he was advised reinstatement could not be granted since the Bureau did not have to his credit an amount sufficient to pay all premiums in arrears, including the current month. The policy was never formally reinstated and by letter dated March 18, 1933, appellee was advised that the Veterans' Administration had decided that the insurance had lapsed for want of payment of the premium due April 1, 1932, and was not in force at the time of the death of the insured. The two checks sent by appellee were covered into the treasury. Later, the Veterans' Bureau advised appellee that the money would be returned to her upon execution of a certificate, in the nature of a receipt, which was inclosed. She did not execute the certificate and the premiums were not returned.

■ It was contended by appellee that the premium due June 1, 1932, was not in arrears until July 1st because of the thirty-one days grace allowed and did not have to be paid to reinstate the policy on June 9th. It would seem, from his remarks appearing in the record, that the District Court agreed with this and was of the opinion that the government, by failing to return the premium money, was estopped to contest the policy. Usually, the United States cannot be estopped by any acts of her agents. The government could not be estopped to contest the policy by the mere fact that the April and May premiums were not returned. The Veterans' Bureau was entitled to have the beneficiary, who had actually paid them, execute the receipt requested and it did nothing that could have led the insured to believe his policy was in force or to prejudice the beneficiary so as to work an estoppel. Wilber National Bank v. United States, 294 U. S. 120, 55 S. Ct. 362, 79 L. Ed. ——.

■ In the view we take of the case, we need not speculate as to whether the jury might have found that the checks in payment of the premiums had been mailed a day before or a day after the death of the insured. The provision granting thirty-one days grace for the payment of premiums must not be confused with the provision for reinstatement of the policy. It is intended to keep the policy in force after default on one premium. By no process of reasoning could the grace be stretched into sixty-two or ninety-three days to cover two or three successive defaults. The policy undoubtedly lapsed and became void at the end of the grace period for failure to pay the premium due April 1st. In order to reinstate the policy on June 9th it was necessary to pay the premiums due April 1st, May 1st, and June 1st. The grace period of thirty-one days did not apply to the payment° of any premiums after the policy lapsed and they were in arrears if not paid on or before the due date fixed in the policy without any extension. The policy was not kept in force by the belated payment of the April and May premiums. As the premium due June 1st was not paid before the death of the insured or at all, there was no basis for the reinstatement of the policy. Wilber National Bank v. United States, supra. It was error to refuse to direct a verdict for the United States and to direct it for appellee.

Reversed and remanded.