## NORTON v. UNITED STATES.
### No. 952M.

District Court, S. D. Florida.

Feb. 26, 1940.

S. S. McCahill, of Miami, Fla., for plaintiff.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., Julius C. Martin, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Keith L. Seegmiller, of Washington, D. C., for the United States.

ERVIN, District Judge.

This suit is on a policy of insurance containing a disability provision. Defendant denies the disability, and also sets up the defense of res adjudicata.

There was a previous suit by the same plaintiff, the beneficiary on the same policy, where it was claimed that the premiums had been paid up to the time of the death of the insured. Plaintiff had judgment, but on appeal the Circuit Court of Appeals reversed, holding that the policy had lapsed for failure to pay the premiums as they fell due. 5 Cir., 77 F.2d 731. When the case came back, plaintiff sought to amend by setting up that the insured had become disabled under the terms of the policy prior to the time the premiums fell due, so that the policy had not lapsed.

The court denied the right to amend on the ground that would set up a new and different cause of action, and dismissed the case. Plaintiff appealed, but did not prosecute her appeal, so it was dismissed by the Circuit Court of Appeals for want of prosecution. 5 Cir., 77 F.2d 731. This left the dismissal by the District Court in effect.

I disagree with the reason assigned for the refusal to allow the amendment, as I think it was the same cause of action.

The policy and parties were the same, and the policy would not lapse if the premiums had been paid, or if the premiums were not required to be paid. In either case the policy would not lapse.

The question was why did it not lapse, and that did not change the claim, but only the proof of it.

Suppose the complaint had merely stated that the policy was in force at the time of the death of the insured, then proof of either payment of the premiums, or the disability of the insured, would have established that fact.

There was no claim in the complaint of any right to recover for disability, but only for the death of the insured. There was no necessity, therefore, for any disagreement before proof could be offered of disability in order to show that the policy had not lapsed. So that when the Court of Appeals found there was no right to recover on the policy the plaintiff is not entitled to try the case again so as to offer other evidence showing that the policy had not lapsed by reason of the disability of the insured, when that evidence might have been introduced in the other case by a slight change in the language of the complaint.

It seems to me Baltimore S. S. Company v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 603, 71 L.Ed. 1069, is conclusive. In that case the court was trying a tort claim, but the principle is distinctly stated that there is only one cause of action though there may be many facts shown to establish it, and all these grounds must be shown in one suit, which cannot be split up. In that case also, after a failure to recover because of failure of proof of the negligence alleged, plaintiff brought a new suit for the same injury, but alleging a different act of negligence. Res adjudicata was pleaded and the lower court, as here, held it was a different cause of action. The Supreme Court said, "The injured respondent was bound to set forth in his first action for damages every ground

of negligence which he claimed to exist and upon which he relied, and cannot be permitted, as was attempted here, to rely upon them by piecemeal in successive actions to recover for the same wrong and injury."

Sustaining the plea of res adjudicata, I do not pass on the question of fact as to whether Norton, the deceased, was disabled under the terms of the policy prior to the falling in of the unpaid premiums.