## COLIZZA v. UNITED STATES.
### Civ. No. 7670.

United States District Court
W. D. Pennsylvania.
Dec. 28, 1951.

Abraham E. Rosenfield, Pittsburgh, Pa., for plaintiff.

Edward C. Boyle, U. S. Atty., Philip O. Carr, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

FOLLMER, District Judge.

This action was brought by Joseph Colizza, the father of a deceased veteran, for a judgment against the United States of America under 38 U.S.C.A. § 445 to recover on a $10,000 policy of National Service Life Insurance.

At the trial of the case the plaintiff, father of the deceased veteran, and the veteran's sister were the only witnesses. At the conclusion of the plaintiff's case the defendant moved the Court for a directed verdict, alleging that the facts proven did not constitute a cause of action. The Court granted the defendant's motion and instructed the jury to return a verdict in favor of the defendant. The matter is now before the Court on motion of plaintiff for a new trial.

The relevant facts as disclosed by the testimony of the witnesses and the admissions in the pleadings are as follows:

Joseph H. Colizza, son of the plaintiff, entered into active service with the Army of the United States on or about March 27, 1943, and continued in such service until his honorable discharge on or about October 20, 1945. While on active service as aforesaid, a policy of insurance in the sum of $10,000 was granted to the said Joseph H. Colizza under the authority of the National Service Life Insurance Act of 1940, as amended, 38 U.S.C.A. § 801 et seq., in which the plaintiff was named the

beneficiary. The policy was evidenced by Certificate No. N–5 772 839. This policy remained in force until December 29, 1945, at which time the veteran permitted it to lapse for non-payment of premiums.

On November 20, 1946, the veteran entered St. Joseph's Hospital, Pittsburgh, Pennsylvania, where he remained until December 11, 1946, when he was transferred to the Veterans Administration Hospital, Aspinwall, Pennsylvania, remaining there until his transfer on January 26, 1947, to the Veterans Administration Hospital, Bronx, New York, where he remained until his death on February 21, 1947. He was continuously hospitalized from November 20, 1946, until his death.

On or about November 27, 1946, after his admission to St. Joseph's Hospital, veteran filed with the Veterans' Administration an application for reinstatement and tendered therewith two months back premiums as required by the regulations, for which a receipt was issued. Thereafter monthly premium payments of $6.50 each were made to the Veterans' Administration, for which receipts were issued.

On or about March 5, 1947, plaintiff filed claim for the benefits under the policy, together with due notice and proof of the death of the insured veteran. On or about September 29, 1947, plaintiff was notified that the claim was disallowed for the reason that the insured had no insurance in force at the time of his death.

The pertinent portions of the Act and the regulations promulgated thereunder are as follows:

38 U.S.C.A. § 802(c)(2) provides, inter alia: "* * * any individual who has had active service between October 8, 1940, and September 2, 1945, both dates inclusive, shall be granted such insurance upon application therefor in writing and upon payment or authorization for deduction of premiums and evidence satisfactory to the Administrator showing such person to be in good health at the time of such application. In any case in which application for life or disability insurance or for reinstatement of such insurance is made prior to January 1, 1950, the Administrator shall not deny, for the purposes of this section

or sections 803–805, 806–818 of this title, that the applicant is in good health because of any disability or disabilities, less than total in degree, resulting from or aggravated by such active service. * * *"

38 U.S.C.A. § 802(n) provides, inter alia: "Upon application by the insured and under such regulations as the Administrator may promulgate, payment of premiums on such insurance may be waived during the continuous total disability of the insured, which continues or has continued for six or more consecutive months, if such disability commenced (1) subsequent to the date of his application for insurance, (2) while the insurance was in force under premium-paying conditions, and (3) prior to the insured's sixtieth birthday: * *."

Pursuant to the authority given in 38 U.S.C.A. § 808, it has been provided, Code of Federal Regulations, 1946 Supp., Title 38, § 10.3422, that National Service Life Insurance "* * * may be reinstated by written application of the insured accompanied by evidence of insurability and tender of two monthly premiums, * *." Section 10.3423 provides that National Service Life Insurance may be reinstated if application and tender of premiums are made:

"(a) If it be term insurance, within six months after lapse or six months after the date of approval of Public Law 589, 79th Congress, whichever is later, provided the applicant be in as good health on the date of application and tender of premiums as he was on the due date of the premium in default and furnished evidence thereof satisfactory to the Administrator. * * *.

"(b) After expiration of the applicable period mentioned in paragraph (a) of this section, provided applicant is in good health (§ 10.3401) on the date of application and tender of premiums, and furnished evidence thereof satisfactory to the Administrator of Veterans' Affairs."

Plaintiff argues that the Veterans' Administration, pursuant to the above amendment, advertised extensively that veterans could reinstate their lapsed insurance by tendering two months premiums and that a physical examination was not required; that in view of the fact that deceased's.

sister had testified that deceased was contemplating marriage, had apparently recovered from his ailment and was ambulatory at the time of the attempted reinstatement, plaintiff had met the burden of proof and that the burden then shifted to the defendant to show the veteran was not an insurable risk under the law.

Obviously, plaintiff has lost sight of the provisions of Regulation 10.3423(a) which provides for reinstatement if application is made "within six months after lapse or six months after the date of approval of Public Law 589, 79th Congress, whichever is later, provided the applicant *be in as good health on the date of the application * * as he was on the due date of the premium in default and furnished evidence thereof satisfactory to the Administrator.*" (Emphasis supplied.)

The pertinent dates are as follows:

| | |
|---|---|
| Date of Discharge | October 20, 1945 |
| Date of Default | December 29, 1945 |
| Date of Approval of Public Law 589, 79th Congress | August 1, 1946 |
| Date of Application | November 27, 1946. |

The application, having been filed November 27, 1946, was three months and twenty-six days after the date of approval of Public Law 589, to wit, August 1, 1946, being a date "later" than the date of default or lapse of the policy, to wit, December 29, 1945, and therefore comes squarely within the provisions of Regulation 10.3423(a), which requires that evidence satisfactory to the Administrator be furnished that applicant was in as good health on the date of the application as he was on the due date of the premium in default. On this issue there was not a scintilla of evidence before the Court.

 Secondly, under the requirements of 38 U.S.C.A. § 802(c)(2), supra, I feel, primarily, that plaintiff not only completely failed to establish the fact that the veteran was in good health at the time of the application but he also failed to establish any service connected disability which, under the provisions of the section quoted, would relieve him of the requirement of such proof, in that there is nothing in the record to indicate the state of health of the veteran at the time of his discharge, which, incidentally, antedated the date of default by a little over three months.

 Finally, there was no reinstatement by estoppel. Plaintiff contends that the fact that the Veterans' Administration retained the premiums, issued receipts therefor, and took no action either to approve or deny the application for a matter of months, estops the Administration from denying the approval of the application. In support of his position, plaintiff cites two Pennsylvania cases, both involving private insurers. While the argument and the authorities cited may support such a proposition in an action against a private insurance company, they are completely inapplicable in an action against the United States.

In James v. United States, 4 Cir., 185 F.2d 115, 118, the Court said:

"Plaintiff's alternative argument, that of reinstatement by estoppel, we conceive to be the major issue of this case. Even if we assume for the moment that the application was properly made and that the Veterans' Administration's delay was unreasonable, still the United States is not estopped to assert the total disability of the insured. Plaintiff's statement is generally true as to private life insurance companies that unreasonable delay by an insurer in approving or rejecting an application for reinstatement of a lapsed policy operates as a waiver of the insurer's right to assert facts which otherwise would permit him to deny the application. Froehler v. N. American L. Ins. Co., 1940, 374 Ill. 17, 27 N.E.2d 833; Apostle v. Acacia Mutual L. Ins. Co., 1935, 208 N.C. 95, 179 S.E. 444; Lechler v. Mon .na L. Ins. Co., 1921, 48 N.D. 644, 186 N.W. 271 [23 A.L.R. 1193]; Rocky Mount Savings & Trust Co. v. Aetna L. Ins. Co., 1930, 199 N.C. 465, 154 S.E. 743. This general rule, however, does not apply when the United States, rather than a private company, is the insurer.

"It is well settled that the United States is in a position different from that of private insurers and is not estopped by the

698

laches or unauthorized acts of its agents. Federal Crop Ins. Corp. v. Merrill, 1947, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10; Wilbur National Bank v. United States, 1935, 294 U.S. 120, 55 S.Ct. 362, 79 L.Ed. 798; United States v. Norton, 5 Cir., 1935, 77 F.2d 731; United States v. Loveland, 3 Cir., 1928, 25 F.2d 447. But plaintiff argues that since he is seeking to base estoppel or waiver on an omission to act, rather than on a positive act of a government official in excess of his authority, he should receive different treatment. He draws an artificial distinction. In United States v. Loveland, last cited, reversed on other grounds by confession of error, 278 U.S. 665, 49 S.Ct. 184, 73 L.Ed. 571, the following appears, 25 F.2d at page 448: 'The question here involved is the power of servants of the United States to place liability upon it by an act of omission when they would be powerless so to do by an act of commission. The decisions holding that a servant of the government has, in the absence of statutory warrant and duty, no such power, are too firmly settled and so providently wise as to forbid our holding that, when the government broadened its field of operation to new fields, it thereby broadened the power of those it employed in such new fields to the extent of allowing them, by acts of neglect or omission, to commit the government to liability in such field which they had no power to do in other spheres of government activity.' "

In the James case the application for reinstatement was made on June 10, 1947, insured died December 18, 1947, and the plaintiff beneficiary was notified of the disallowance of the claim on June 9, 1948, almost exactly one year after the date of the application. As the Court there stated: " * * * the fact that the Veterans' Administration did not return premiums is not indicative of approval. Although their return would evidence a denial of the application, the converse does not follow. These premiums were held in suspense as unapplied credits to the account pending action on the application."

Plaintiff's motion for a new trial will be denied.