### LOLLOS v. VETERANS ADMINISTRATION et al.

Civ. No. 954–49.

United States District Court
D. New Jersey.

June 24, 1952.

sued to Aristides George Lollos, now deceased. Subsequent to the death of Lollos, the beneficiary filed a claim for the proceeds of the policy with the Veterans Administration. This claim was denied and a further appeal to the Administrator of Veterans Affairs was likewise denied. In its answer defendant alleges that the policy has lapsed due to nonpayment of premium within the thirty-one day grace period.

Trial was held and decision was reserved pending the submission of factual stipulations and briefs.

For convenience the plaintiff, Eva Lollos, will be referred to as the beneficiary, Aristides George Lollos as the assured, and Veterans Administration and United States of America as the defendant.

### Findings of Fact

1. Assured, while in the service, was the holder of a five-year level term plan National Service Life Insurance Policy for which the premium was $6.40 per month.

2. The premiums on this policy were paid through October 9, 1946.

3. Payment for the premium due November 9, 1946 was not directly made to the Veterans Administration.

4. On December 3, 1946, assured made application to convert the five-year level term policy to a twenty-payment life policy. With this application he mailed a check in the amount of $26

5. On May 26, 1947, the defendant informed the assured by letter that the conversion had been effected as of December 9, 1946. The monthly premium for this policy was $19.60.

6. The remainder of the remittance of December 3, 1946 (the sum of $6.40) was applied as payment for the premium due on November 9, 1946.

7. Premiums were subsequently received through September 8, 1947.

8. The premium due on September 9, 1947 was not received by the defendant within the thirty-one day grace period.

9. A check in the required amount, dated October 16, 1947, was received by the defendant on October 28, 1947.

Emil H. Block, Newark, N. J., for plaintiff.

Grover C. Richman, Jr., Camden, N. J., John J. Corcoran, Jr., Newark, N. J., for defendants.

MEANEY, District Judge.

This is a suit instituted by the beneficiary of National Service Life Insurance Policy No. V 3027823. Said policy was in the amount of ten thousand dollars and was is-

10. A second check, likewise in the required amount, dated November 14, 1947, was mailed to the defendant.

11. This check was not cancelled and was returned to the assured with a letter dated November 26, 1947, requesting that the assured advise the reason for the remittance. This check was never returned to the defendant.

12. The assured died on December 13, 1947.

13. On December 17, 1947, the defendant sent notification of the lapse of the policy as of September 9, 1947. The reason for the lapse was stated to be nonpayment of the premium due on September 9, 1947. The assured was further notified that he had a credit of $20.70, $1.10 of which was listed as a credit, and $19.60 being the amount of the check received on October 28, 1947. Forms for application for reinstatement were also enclosed.

14. Plaintiff admits that it has no documentary proof of payment of the premium due on September 9, 1947, either on that date or within the thirty-one day grace period.

### Discussion

Plaintiff advances five contentions in support of her claim.

The first of these is that in view of all the circumstances and tender of subsequent payment, a presumption of payment arises, and the burden of proving nonpayment is placed upon the defendant. As authority for this proposition, reliance is placed upon Rodgers v. U. S., D.C.E.D.Pa.1946, 66 F. Supp. 663. There the Court held that upon a showing of the facts of execution and issuance of the insurance policy, plus the fact of the death of the insured, the defendant has the burden of going forward with the evidence.

■ It is urged by defendant that any burden imposed upon it regarding nonpayment has been fully met. With this the Court agrees.

For its second contention plaintiff asserts that by the acceptance of payments after the expiration of the thirty-one day grace period, and by its failure to notify the assured of nonreceipt of said premium until after his decease, the defendant is estopped to claim a lapse of the policy due to nonpayment of the premium due September 9, 1947.

■ Ordinarily a failure to pay insurance premiums results in the termination of the policy. See Glick v. U. S., 7 Cir., 1937, 93 F.2d 953. Thus it is incumbent upon the plaintiff to show facts and circumstances which would warrant an exception to the general rule.

■■ Generally it is held that the United States is not estopped by the laches or unauthorized acts of its agents. See James v. U. S., 4 Cir., 1950, 185 F.2d 115, and Rodgers v. U. S., supra. Specifically the retention of premiums does not work an estoppel against the United States. See Colizza v. U. S., D.C.W.D.Pa.1951, 101 F. Supp. 695.

■ As to failure to send notification of nonreceipt, the statute provides that the insurance is conditioned upon payment of premiums. See 38 U.S.C.A. § 802(a). See, also, James case, supra, where it was held that a six-month delay in notification of acceptance or rejection of an application for reinstatement did not estop the United States from asserting the total disability of the assured.

Plaintiff further contends that there is a credit of $7.50 due the assured, and by applying this credit as a partial payment of the premium in question the policy would be extended through September 19, 1947 and thus the payment sent on October 16, 1947 would be within the thirty-one day grace period.

The defendant denies the existence of a $7.50 credit. It admits that there is a credit in the amount of $1.10 but contends that the $6.40 in question which was sent with the application for conversion was applied to the five-year level term policy as the premium due November 9, 1946. The statute supports this claim as it provides for the conversion of level term policies "* * * at any time while such insurance is in force * * *". See 38 U.S. C.A. § 802(f). Since there was a premium

due on November 9, 1946 on the level term policy, it is evident that the $6.40 was applied for this purpose. If this had not been done, then the terms of the statute, 38 U.S.C.A. § 802(f), would not have been met and the conversion would have been improperly effected since there would have been no insurance in force at the time of conversion.

Plaintiff's fourth contention attempts to assert an estoppel against the defendant. Reference to the discussion relating to the second contention is sufficient to dispose of the question of an estoppel running against the United States.

As its final claim, plaintiff asserts that equitably the October and November payments if applied to the policy, assuming that the September payment was not made, would carry this insurance to December 9, 1947, at which time extended insurance would become available.

The answer to this contention is that payments may not be sent at the election of the assured. 38 U.S.C.A. § 802(a) provides that the insurance is conditioned upon payment of premium. And premiums are due and payable on the day the policy takes effect and on the same day of each succeeding month. See 38 C.F.R., sec. 8.4. In addition a thirty-one day grace period is provided to cover lateness. See 38 C.F.R., sec. 8.14.

To give effect to plaintiff's contention would require action directly contrary to the provisions of the statute and would encourage disorder and delay, if nothing more. This the Court finds itself unable to do.

### Conclusions of Law

1. The premium due on September 9, 1947, on National Service Life Insurance Policy No. V 3027823, was not paid on that date, nor was it paid within the thirty-one day grace period.

2. National Service Life Insurance Policy No. V 3027823 lapsed September 9, 1947.

3. Judgment will be entered for the defendant.