**THOMAS BROTHERS, Inc., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 4921.**

United States District Court, N. D. Georgia, Atlanta Division.

Dec. 15, 1954.

William C. Rimmer, Jr., Atlanta, Ga., for plaintiff.

James W. Dorsey, U. S. Atty., and Charles D. Read, Jr., Asst. U. S. Atty., Atlanta, Ga., for defendant.

SLOAN, District Judge.

Thomas Brothers, Inc., a corporation chartered under the laws of the State of Georgia, brings this action against the United States of America for breach of a certain contract entered into between plaintiff and defendant on June 19, 1952.

Plaintiff sets forth, as part of its complaint, portions of the alleged contract and alleges that a certain section of the contract provides as follows:

"TP–11—Availability of Quarters: Every practicable effort will be made to have the quarters vacant when painting and decorating is being done. When this is not possible, the moving and replacement of household furniture and furnishings will be the responsibility of the occupant."

Plaintiff alleges that before submitting its bid for the contract, the Post Engineers at Fort Benning, Georgia, were approached and advised plaintiff that the defendant would furnish labor for the removal of furnishings from the buildings to be painted and decorated. Plaintiff alleges that the Post Engineer furnished laborers for this purpose for a while, and then refused to continue furnishing laborers, so that it became necessary for plaintiff to employ its own labor for the removal of furnishings in order to complete the contract.

The defendant makes answer and admits the contract, setting forth as part of its answer other portions of the contract not set forth by plaintiff. Defendant alleges that the plaintiff's complaint fails to state a claim for which relief can be granted; that plaintiff has not exhausted its administrative remedies under the Disputes Clause (Paragraph 6) of the contract. Defendant alleges that Addendum No. 2 to TP–11, dated June 2, 1952 provides: "Contractor shall base his estimate on having to perform his operations while the quarters are occupied in nine cases out of ten." Defendant further alleges that no notice was given to the Contracting Officer of additional expenses claimed by plaintiff and that no change or modification of the contract was agreed to between the plaintiff and the Contracting Officer for payment of the additional expenses claimed.

The case was tried by the Court without a jury and evidence was introduced by the plaintiff, after which defendant's Motion To Dismiss the action was sustained by the Court.

Findings of Fact.

The contract involved was proved and admitted in evidence. This contract provides in part:

"CC–3 *Site Investigation and Representations:* Any failure by the Contractor to acquaint himself with all the available information will not relieve him from responsibility for estimating properly the difficulty or cost of successfully performing the work. The Government assumes no responsibility for any understanding or representations made by any of its officers or agents during or prior to the execution of this contract, unless (1) such understanding or representations are expressly stated in the contract, and (2) the contract expressly provides that the responsibility therefor is assumed by the Government. Representations made but not so expressly stated and for which liability is not expressly assumed by the Government in the contract shall be deemed only for the information of the Contractor."

This contract is between Thomas Brothers, Inc. and the United States of America, represented by the Contracting Officer.

Mr. W. L. Thomas, Secretary and Treasurer of the plaintiff corporation, testified that before plaintiff made its bid for the contract he went to see Mr. McGowan and Mr. Helms, employees of the Post Engineer at Fort Benning, Georgia, and that they told him that the Post Engineers would furnish labor for the removal of furnishings from the buildings involved in the contract. He testified that he never talked with the Contracting Officer, Lt. Smith, with regard to the furnishing of such labor by defendant. Mr. Thomas testified that the Post Engineer and Mr. McGowan and Mr. Helms informed him that their interpretation of Section TP–11 of the contract, quoted above, was that the burden would be on the Government to furnish labor for the moving of furnishings from the buildings involved.

Mr. Thomas further testified that plaintiff was furnished some labor for about one month after the work on the contract began. He testified that the labor furnished was not adequate or efficient enough to do the work, and that the quality of the labor furnished became worse and worse. He testified that he was never refused labor by the Post Engineer or employees of the Post Engineer, but that he finally decided that plaintiff would not be able to finish the contract in time if it depended upon the labor that was furnished, and that after approximately the first month plaintiff hired and paid its own laborers to remove the furnishings from the buildings involved.

Mr. Thomas testified that the Contracting Officer never agreed to furnish labor for removal of the furnishings, and that the contract was never modified to provide for the paying of labor for removal of furnishings at the expense of defendant. He testified plaintiff's payroll records showed $4322.35 paid for laborers that were employed to remove furnishings.

Mr. Thomas testified further that some (15–20%) of the buildings that were painted and decorated were unoccupied and that in some of the unoccupied buildings furniture had been left and had to be moved. Mr. Thomas' testimony on this point was somewhat lacking in definiteness.

Mr. Forest McGowan, Chief of Contract Operations Division, in the office of the Post Engineers, at the time involved, testified that he had interpreted Section TP–11 of the contract to Mr. W. L. Thomas to mean that the Government would furnish labor for the removal of furnishings, that he had no authority from the Contracting Officer to make such interpretation, and that a negligible part of the buildings involved were unoccupied at the time of plaintiff's work on them.

The Court finds that neither the Post Engineers nor employees of the Post Engineer had authority from the Contracting Officer to make any representations to plaintiff or interpretations of the contract or to modify or change the contract. The Court further finds

that the Contracting Officer did not at any time agree to or acquiesce in the proposition that defendant was bound to furnish the labor for the removal of furnishings, or agree to reimburse plaintiff for hiring such labor.

### Conclusions of Law.

This Court has jurisdiction of the parties and subject matter under the provisions of 28 U.S.C.A. § 1346(a) (2).

The Contracting Officer was the duly authorized representative of the defendant United States of America and his authority as such was not delegated to the Post Engineer or employees of the Post Engineer. This Court construes this contract, particularly Section TP–11 and Addendum thereto as not placing the burden upon defendant to furnish labor for the removal of furnishings from the buildings.

 Plaintiff contracted (Section CC–3) that: * * * "The Government assumes no responsibility for any understanding or representations made by any of its officers or agents during or prior to the execution of this contract, unless (1) such understanding or representations are expressly stated in the contract, and (2) the contract expressly provides that the responsibility therefor is assumed by the Government. Representations made but not so expressly stated and for which liability is not expressly assumed by the Government in the contract shall be deemed only for the information of the Contractor." Neither this section nor Section TP–11 of the contract being ambiguous, there is no occasion to resort to parole testimony to explain the meaning of the contract and the contract is conclusive. 17 C.J.S., Contracts, § 296, pages 695–707.

Persons dealing with the Government must take notice of the extent of the authority it has given its agents, and the Government is not bound by their declarations unless they had the authority to make them. Hawkins v. United States, 96 U.S. 689, 24 L.Ed. 607; Federal Crop Insurance Corporation v. Merrill, 332 U.S. 380, 68 S.Ct. 1, 92 L. Ed. 10. Here the United States is not bound by any statements, acts or declarations of persons other than the Contracting Officer, as no one else had authority to bind the Government. See Lee v. Munroe, 7 Cranch 366, 3 L.Ed. 373.

Defendant in this case has not breached its contractual obligations. United States v. Howard P. Foley, Co., Inc., 329 U.S. 64, 67 S.Ct. 154, 91 L.Ed. 44.

The United States is neither bound nor estopped by actions of its agents without the scope of their authority. Whiteside v. United States, 93 U.S. 247, 23 L.Ed. 882; Wilber National Bank of Oneonta, N. Y. v. United States, 294 U.S. 120, 55 S.Ct. 362, 79 L.Ed. 798; Utah Power & Light Co. v. United States, 243 U.S. 389, 37 S.Ct. 387, 61 L.Ed. 791, and United States v. Morton, 5 Cir., 77 F.2d 731.

Plaintiff has shown no entitlement to recover and this complaint must be dismissed.