HARDEE'S FOOD SYSTEMS, INC. v. CLAWSON A. HICKS

No. 697SC312

(Filed 13 August 1969)

1. **Frauds, Statute of §§ 2, 7;   Vendor and Purchaser § 1—   real property — option — sufficiency of memorandum — letter by corporate officer**

    Where, during the life of an agreement giving plaintiff an option to purchase from defendant real property which defendant expected to acquire, the parties orally agreed to an extension of time for performance by defendant, a letter signed by plaintiff's vice-president after the expiration date of the original agreement which referred to "a delay in your being able to furnish a deed to us" and stated that "We look forward to as early a date as possible to finalize the Western Blvd. transaction," *is held* a sufficient memorandum of the extension agreement, when considered with the original agreement, to satisfy the Statute of Frauds. G.S. 22-2.

2. **Vendor and Purchaser § 1—   extension of option — sufficiency of consideration**

    Where plaintiff was given an option to purchase real property which

defendant expected to acquire, additional legal fees and other expenses incurred by defendant in continuing his efforts to acquire the property are sufficient consideration, as a detriment to defendant, to support an agreed extension of time for performance by defendant.

**3. Contracts § 17— duration — reasonable time**

Where the duration of a contract is not specified, it will continue for a reasonable time, taking the purposes of the parties into account.

**4. Contracts § 17; Vendor and Purchaser § 2— *extension of option* — unspecified time — reasonable time**

In this action to recover an advance payment made by plaintiff to defendant under an agreement giving plaintiff the option to purchase real property which defendant expected to acquire, the original agreement being for a two-week period and the parties having agreed to an unspecified extension of time for performance by defendant, whether defendant's tender of clear title to the property two months after the original contract expired was within a reasonable time is a question of fact which should have been determined by the trial court, who heard the case without a jury.

APPEAL by defendant from *Hubbard, J.,* sitting without a jury at the January 1969 Civil Session of NASH Superior Court.

This is a contract action in which plaintiff in its complaint alleges: Plaintiff and defendant entered into an agreement, denominated an option, under the terms of which the defendant agreed to furnish a fee simple deed to a parcel of land, specifically described, to the plaintiff on 5 November 1965. Plaintiff advanced $5,000 to defendant, which amount was to be forfeited by plaintiff if it refused to accept the property. The agreement further provided that the deposit would be returned to the ·plaintiff if defendant was unable to furnish the fee simple title. The defendant also agreed to deliver to the then landowner the full amount of his selling price upon receipt of such funds from the plaintiff.

At the time the agreement was executed, 22 October 1965, the parties realized that the defendant did not own the property but expected to obtain it from the estate in which the property was then lodged. Defendant was unable to do so by 5 November 1965. Plaintiff therefore sued for the return of the $5,000, alleging it was ready, willing and able to perform its obligations on 5 November 1965.

Defendant answered and admitted execution of the option and receipt of the $5,000. He further alleged that the parties, having talked the matter over, orally agreed prior to 5 November 1965 to extend the time for performance until a special proceeding involving the land could be consummated. Subsequently, by virtue of the special proceeding, defendant obtained the right to the property and

made it available to plaintiff, who declined to accept the property and demanded return of the deposit.

By reply, plaintiff denied the existence of an extension and further alleged that any such extension was unenforceable for lack of consideration and not being in compliance with G.S. 22-2.

At the trial in which the parties waived jury trial, plaintiff offered certain stipulations into evidence; also the option agreement, a letter dated 23 November 1965 from plaintiff's vice-president, Mr. Bennett, to defendant, and letter of 26 January 1966 from plaintiff to defendant in which plaintiff demanded return of the $5,000. The stipulations included the following:

> "* * * [O]n or a few days prior to November 5, 1965, the defendant telephoned Mr. Robert E. Bennett and stated that it would be impossible, due to the need for the aforementioned Special Proceeding, for title to be acquired by November 5, 1965. That Mr. Bennett indicated at that time that Hardee's Food Systems, Inc. was still desirous of acquiring title to the real estate * * *.

> * * * That during the course of the aforesaid telephone conversation and at the request of the defendant, the parties orally agreed that the defendant would have to take some additional amount of time in order to acquire title. The period of time necessary to clear title was left indefinite as to duration and no additional monetary consideration was paid by either party subsequent to the payment of the $5,000.00 by plaintiff. * * *"

The defendant testified to certain conversations between the parties prior to 5 November 1965, in which plaintiff advised defendant to continue his efforts to acquire title to the property. No specific time limitation was made as to an extension because of the difficulty of predicting when the title could be cleared.

The court made findings of fact and conclusions of law culminating in the judgment that plaintiff was entitled to the return of the deposit. Defendant appealed.

*Spruill, Trotter & Lane by DeWitt C. McCotter for plaintiff appellee.*

*Jordan, Morris & Hoke by Charles B. Morris, Jr., and Eugene Hafer for defendant appellant.*

BRITT, J.

Defendant appellant contends that the trial court erred in failing to find that the verbal agreement had the effect of extending the

option. The conclusions of law made by the trial court were as follows:

"1. That the paperwriting executed on 22 October, 1965 was an option and not a contract for the purchase and sale.

2. The plaintiff, having been informed that the sale could not be consummated on 5 November, 1965 as provided in the option, was under no duty to tender the balance of the purchase price nor demand deed.

3. The verbal agreement made in the telephone conversation between the vice-president of the plaintiff company and the defendant did not have the effect of continuing the option in force or extending it. And the letter of 23 November, 1965, is not a memorandum of the agreement in such form as to comply with the statute of fraud.

4. According to the terms of the agreement of 22 October, 1965 the defendant having failed to furnish fee simple title to the property to the plaintiff under the terms of the option, he is bound by the terms of the option to return the $5,000.00 option payment."

There was before the court a letter dated 23 November 1965, signed by plaintiff's executive vice-president and received by defendant, pertinent portions of which were as follows:

"* * *

Since we have encountered a delay in your being able to furnish a deed to us on the property on Western Boulevard in Raleigh, we request that you return at least $4,500 of the initial $5,000 that we gave to you as advance payment. Upon receipt of your check for $4,500, we will then owe you a balance of $52,250 at the time you are able to furnish us with a deed to the property in fee simple title. We think you will agree that the sum of $5,000 is far in excess of a normal option in relation to the length of time that will be required for you to furnish us a deed.

* * *

If you have any questions on any of the above, please feel free to contact me. We look forward to as early a date as possible to finalize the Western Blvd. transaction.

* * *"

[1] It was not necessary that the memorandum have been signed prior to 5 November 1965, since the agreement, as stipulated, was made prior to that time. The memorandum was sufficient, when com-

bined with the earlier document, to take the agreement out of the operation of G.S. 22-2. *Millikan v. Simmons,* 244 N.C. 195, 93 S.E. 2d 59; 4 Strong, N.C. Index 2d, Frauds, Statute of, § 2, p. 62.

**[2, 3]**   The additional legal fees and any other expenses incurred by the defendant in continuing his efforts to acquire the property after 5 November 1965 were sufficient consideration, as a detriment to the defendant, to support the agreed extension. *Helicopter Corp. v. Realty Co.,* 263 N.C. 139, 139 S.E. 2d 362; *Johnson v. Noles,* 224 N.C. 542, 31 S.E. 2d 637.

The original agreement was dated 22 October 1965 and provided for performance on 5 November 1965. The extension specified no definite time. On 29 December 1965, defendant notified plaintiff that he would be ready to close the transaction on 5 January 1966. Where the duration of the contract is not specified, it will continue for a reasonable time, taking the purposes of the parties into account. *Scarborough v. Adams,* 264 N.C. 631, 142 S.E. 2d 608. The question arises as to whether the two-month period here was an unreasonable time in light of the fact that the original agreement had specified a two-week period.

"Reasonable time is generally conceived to be a mixed question of law and fact. 'If, from the admitted facts, the Court can draw the conclusion as to whether the time is reasonable or unreasonable, by applying to them a legal principle or a rule of law, then the question is one of law. But if different inferences may be drawn, or circumstances are numerous and complicated, and such that a definite legal rule cannot be applied to them, then the matter should be submitted to the jury. It is only when the facts are undisputed and different inferences cannot be reasonably drawn from them, that the question ever becomes one of law.' [Citations]" Quoted from *Trust Co. v. Insurance Co.,* 199 N.C. 465, 154 S.E. 743, in *Apostle v. Insurance Co.,* 208 N.C. 95, 179 S.E. 444.

**[4]**   Considering the stipulations and evidence before the trial court, we think it erred in its conclusions of law and particularly the conclusion that the letter of 23 November 1965 "is not a memorandum of the agreement in such form as to comply with the statute of fraud." The judgment does not disclose that the court considered the question as to whether a two-month additional period for defendant to tender a good and sufficient deed was a reasonable time. We think an answer to this question is vital to a just determination of the controversy. It would not be proper for us to answer the question as the authority of this Court, under the facts presented,

is limited to a review of the proceedings and rulings in the trial court. 1 Strong, N.C. Index 2d, Appeal and Error, § 2, p. 105.

For the reasons stated, the judgment of the superior court is vacated and a new trial is ordered.

New trial.

MALLARD, C.J., and PARKER, J., concur.